CHRISTIAN HIRSCHI

v.

PAUL METTELMAN.

MALICIOUS PROSECUTION—NO PRESUMPTION OF MALICE.—In this action malice is not a legal presumption from the want of probable cause. It is for the jury to find from the facts proven, when there was probable cause, whether there was malice or not. The defendant may not be able to show probable cause, but he may be able to rebut any presumption of malice.

APPEAL from the Circuit Court of Madison county; the Hon. W. H. SNYDER, Judge, presiding. Opinion filed August 13, 1880.

Mr. DAVID GILLESPIE and Mr. CYRUS HAPPY, for appellant; that malice is not a legal presumption from the want of probable cause, cited Harpham v. Whitney, 77 Ill. 32; Hilliard on Torts, 486.

The question is not whether the plaintiff was guilty, but whether the defendant had reasonable ground to believe and did believe him guilty: Anderson v. Friend, 71 Ill. 475; Collins v. Hayte, 50 Ill. 337; Jacks v. Stimpson, 13 Ill. 702; Fans v. Starke, 3 B. Mon. 46; Ross v. Innis, 26 Ill. 559.

Anything going to disprove malice is admissible in evidence: Israel v. Brooks, 23 Ill. 575.

The plaintiff in this action must show want of probable cause: Angelo v. Paul, 85 Ill. 166; Brown v. Smith, 83 Ill. 291.

Probable cause is a question of law and fact: 1 Greenleaf's Ev. 406.

Courts have unquestioned power to set aside a verdict, on the ground that the damages are excessive: Walker v. Martin, 3 Ill 508.

Messrs. Metcalf & Bradshaw, for appellee; that malice may be inferred from want of probable cause, cited McBean v. Ritchie, 18 Ill. 114; Ross v. Innis, 35 Ill. 487; Chapman v. Cawrey, 50 Ill. 512.\

Casey, J.   This was an action of trespass for false imprisonment.   Exceptions were taken to the third and fourth instructions given on the trial of the cause on behalf of appellee (plaintiff below).   These instructions are as follows:   Third. "The court further instructs the jury, that while the law is that both malice and a want of probable cause must exist in order to sustain an action for a malicious prosecution, yet it is also the law that if there is a want of probable cause, the jury may infer malice from that circumstance.   And in this case, if the jury believe, from the evidence, that the defendant caused the arrest and prosecution of plaintiff, as complained of in the declaration, and that no probable cause existed for such arrest and prosecution, then the jury may infer malice on the part of defendant from the want of probable cause.   And in case they do, then the jury should find for the plaintiff, and assess his damages, and in such assessment should be the actual damages, if any, as shown by the evidence, and if said arrest was

knowingly and willfully made, and it so appears by the evidence, then the jury may find as damages such sum as they think will be just under the circumstances, not exceeding altogether the sum claimed in the declaration."

Fourth. "The court further instructs the jury, among the circumstances tending to show a want of probable cause, the good character of the party accused would stand out prominently. That is a strong fact, if known to the accuser, to ward off suspicion, to weaken a belief, he being a prudent and cautious man, in the guilt of the suspected party; and another circumstance would be the fact whether the evidence on which the arrest was caused was within the personal knowledge of the party causing the arrest, and did not depend upon information received from others, and both these circumstances, if the jury believe from they evidence the exist in this case, should be considered by the jury in determining the question as to whether defendant had probable cause for the arrest, if the jury believe from the evidence that the arrest was made as complained of in the declaration."

Malice is in no case a *legal presumption* from the want of probable cause. It is for the jury to find from the facts proven when there was probable cause, whether there was malice or not. The defendant may not be able to show probable cause, yet he may still rebut any presumption of malice by showing facts calculated to produce on the mind of a prudent and reasonable man a well grounded belief or suspicion of the party's guilt. Harpham et al. v. Whitney, 77 Ill.38;1 Hilliard on Torts, 515.

The question of probable cause is made up of law and fact, it being the province of the jury to determine the circumstances alleged to be true or not, and the court to determine whether they amount to probable cause. Angelo v. Faul, 85 Ill. 108; Israel v. Brooks, 23 Ill. 575; Jacks v. Simpson, 13 Ill. 703; Brown v. Smith, 83 Ill. 293.

In Harpham et al. v. Whitney, *supra*, the Supreme Court say: To maintain an action for malicious prosecution, it must appear that there was not probable cause for the prosecution, and also that the defendants were actuated by malice in insti-

Hirschi v. Mettelman.

tuting the prosecution.    There must be both want of probable cause and malice.    If the law imputed malice from want of probable cause, then there would be no distinct requirement of malice, but want of probable cause would be the sole element necessary.    It is often said that the jury may infer malice from want of probable cause.    They may do so under certain circumstances, but not in all cases.    And as we have said, in no case is it a *legal presumption.*    The fourth instruction declares that "among the circumstances tending to show a want of probable cause, the good character of the accused would stand out prominently, etc."

We have been unable to find any evidence in the record as to the good or bad character of appellee.    It was a matter of proof to be shown by the evidence.    Instructions must be based on the evidence—no reference to authority is necessary on this point.    This instruction is also erroneous, because it refers to a portion of the evidence, making it prominent in the finding of the issues.    All the evidence admitted is for the consideration of the jury, and the practice of making detached portions prominent should not be encouraged.    Hatch et al. v. Marsh, 71 Ill. 370.    The court refused to give the following nstruction on behalf of defendant below:

"The court, on the part of the defendant, further instructs the jury that to maintain the action in this case it must appear that there was not probable cause for the prosecution, and, also, that the defendant was actuated by malice in instituting the same.    There must be both want of probable cause and malice.    Malice is in no case a *legal presumption* from the want of probable cause, it being for the jury to find from the facts proved when there was no probable cause, whether there was malice or not.    And if the defendant cannot justify by proof of probable cause, he may still rebut the presumption of malice by showing facts and circumstances calculated to produce at the time, on the mind of a prudent and reasonable man a well-grounded belief or suspicion of the party's guilt. And if in this case the jury should believe from the evidence that the defendant had such well-grounded belief or suspicion, they must find for him."

This instruction contains a correct statement of the law, and it was error to refuse it.   Harpham et al. v. Whitney, *supra;* 1 Hilliard on Torts, 486.

The verdict of the jury was in favor of the plaintiff below for the sum of $600.

Counsel for appellant insists that the damages are excessive. That question is not raised by the assignment of errors, and is not before us for decision.   If it was, after a due consideration of the facts and circumstances as they appear in the record, we would be inclined to hold the damages excessive.   The judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.