Peter Makarewicz, Appellee, v. National Lead Company et al., Appellants.

term, 1930. 
Heard in this court at the May
Opinion filed October 29,
1930.

Pope & Driemeyer, for appellants.

Keefe, Bandy & Listeman, for appellee.

Mr. Presiding Justice Barry delivered the opinion of the court.

On August 13, 1928, Ross Johnson, chief of police of Granite City, filed a complaint before a justice of the peace in which he charged that he had just and reasonable grounds to believe that appellee killed and murdered Julius Koseta. Appellee was thereupon arrested and taken before the justice, a preliminary hearing was waived, and he was committed to jail. Two days later, upon a petition for habeas corpus, he was admitted to bail and has never been indicted. On November 29, 1929, he sued Mr. Johnson and appellants for malicious prosecution. When reached for trial he dismissed his suit as to Mr. Johnson. The trial resulted in a verdict and judgment for $5,000.

After the case was dismissed as to Mr. Johnson, he became a witness for appellee and testified that appellants' superintendent insisted that he should file the complaint against appellee, after he told the superintendent that there was not sufficient evidence. He asked the superintendent to go with him to the office of the Assistant State's Attorney, and when they reached that office all of the evidence that he and the superintendent had was laid before the Assistant State's Attorney. Mr. Johnson says he then told that officer that he was willing to sign a complaint if he thought that there was enough evidence. The Assistant State's Attorney then made out the complaint and it was signed and sworn to by Mr. Johnson.

Mr. Johnson is the only witness who testified that the superintendent said he wanted a complaint filed against appellee. Two days after the filing of the complaint appellee presented to the court his petition for a writ of habeas corpus in which he averred that his attorney had been informed that Ross Johnson merely signed the complaint for the purpose of having appellee held because he was requested so to do by the Assistant State's Attorney. Mr. Bandy was appellee's attorney in that proceeding and it was he who pre-

pared and filed the petition. Mr. Bandy testified that the facts averred in that petition were obtained from Mr. Johnson. It is apparent, therefore, that within two days after Mr. Johnson filed the complaint upon which appellee was arrested, he told appellee's attorney that he had signed the complaint because he was requested so to do by the Assistant State's Attorney. Mr. Johnson does not deny that he made such a statement to Mr. Bandy. That statement is utterly inconsistent with his testimony in this case to the effect that he signed the complaint because appellants' superintendent insisted that he should do so. Under the evidence in this record, the jury was not warranted in finding that Mr. Johnson signed the complaint at the instigation of appellants' superintendent.

Before a recovery can be had in a case of malicious prosecution, the plaintiff must prove that the defendant acted maliciously and without probable cause. If malice and want of probable cause do not concur, an action for malicious prosecution must fail; *Israel v. Brooks,* 23 Ill. 575; *Glenn v. Lawrence,* 280 Ill. 581.

Appellee and Julius Koseta had been employed at appellants' plant for several years. Koseta was appellee's helper and they worked together every night. They were on duty on the night of July 19, 1928, and about 10 o'clock appellee missed Koseta and searched for him off and on until about 1:30 A. M. when he found him under a trapdoor in a building where he had no occasion to go in the usual course of his employment on that night. Appellee was the one who found Koseta's body and he says that the head was under the door, but he couldn't remember whether the face was up or down. He says the door weighed about 450 pounds and rested on Koseta's head. A bloody hatchet was found near the body. The undisputed evidence is that a doctor examined the body carefully and also held an autopsy. He testified that the only injury

found upon Koseta was a fracture in the back of the head which had the appearance of having been inflicted with a hatchet. No other cut or bruise was upon the head, face or body.

Appellants' plant and grounds were inclosed within a very high wire fence. Appellee and Koseta were the only persons employed in the building in which they were working on the night in question. When Koseta's body was found, the police were called to the plant and made investigations to determine whether any stranger had entered the premises, but could find no evidence of such an entry. The police were of the opinion that a crime had been committed and continued their investigations for several days.

Five nights after the death of Koseta, appellee was engaged in his usual work at the plant. He says he was down in the pit and all the lights went out; that he climbed the ladder and that his body must have been at about the top of the ladder when some person or something hit him. He says there was nothing that he could have bumped against as he climbed the ladder; that he did not know who hit him; that he knew of no way that he could have been hurt except by someone hitting him; that he did not know who or what hit him because the lights were out. He says that when he came to he was under the No. 5 trapdoor, a door similar to the one under which Koseta was found. Appellee had two fractures of the skull, a broken nose, six broken ribs and other injuries.

The police were again called to the plant and could find no evidence of any stranger having entered the premises. On their advice appellants' superintendent procured bloodhounds, but to no avail. Other employees were uneasy and afraid to work at the plant at night. The police continued their investigations and appellants placed guards on duty and employed two detectives in an effort to ascertain the real cause

of these apparent criminal assaults. The detectives learned of certain facts tending to show, in the absence of explanation, a motive on the part of appellee to get rid of Koseta, but it is unnecessary to set them out. They reported their findings to Mr. Johnson, the Assistant State's Attorney and appellants' superintendent. Those parties were also informed as to the other facts hereinabove mentioned. Taking into consideration all of the facts and circumstances which were known to Mr. Johnson and appellants' superintendent at the time the complaint was filed against appellee, the jury was not warranted in finding that there was no probable cause for appellee's arrest.

Appellee testified that he and appellants' superintendent had been on friendly terms for more than 20 years; that appellee's son has been working for appellants for several years and that he is still in their employ. There is no evidence tending to show that the said superintendent was actuated by malice in anything that was done prior to appellee's arrest. Sometime after appellee was admitted to bail he applied to the superintendent for work but was informed that he could not put him to work unless he would dismiss his suit. It seems to us that the verdict in this case is due to the fact that appellee was arrested and put in jail before he had recovered from his injuries; that the condition of the jail was unsanitary and that one of the appellants is a hundred million dollar corporation. The judgment is reversed.

*Reversed with finding of fact.*

The clerk will insert in the judgment the following: "The court finds that appellee failed to prove malice and want of probable cause."