Israel *v.* Brooks.

JOHN W. ISRAEL, Appellant, *v.* JAMES S. BROOKS, Appellee.

APPEAL FROM GREENE.

If malice and want of probable cause do not concur, an action for malicious prosecution will fail; but if there be probable cause, the malice does not weigh anything.

Probable cause is a mixed question of law and fact.

It is for the plaintiff to show that the defendant had not probable cause, or reasonable ground for prosecuting.

Previous good character may be shown as one evidence of want of probable cause. Bad character may be shown as reason for probable cause.

The discharge of the accused by the examining magistrate, is not sufficient evidence of the existence of want of probable cause.

Any fact, such as the admission of the accused, which goes to disprove either want of probable cause or malice, is proper for the jury in an action for malicious prosecution.

THIS was an action in case for malicious prosecution. Declaration in the usual form. Plea, not guilty.

The following warrant was the foundation of the action:

" Whereas, J. W. Israel hath this day made complaint before John Amos, a justice of the peace of the said county, that about two hundred dollars were feloniously stolen, taken and carried away, and that he has just cause to suspect, and doth verily believe, that James Brooks did feloniously steal, take and carry away the same. We, therefore, command you to take the said James Brooks," etc.

And it was admitted, that the defendant made affidavit, corresponding with the warrant, and that plaintiff was discharged by the justice of the peace who issued the warrant, on examination before him had, some eight or ten days after the issuance of the warrant.

A verdict was found for six hundred dollars damages, and the defendant made the following motion, for a new trial:

1st. Because the court, on the trial, permitted the plaintiff, contrary to the rules of evidence and against the objections of defendant, to introduce evidence in chief of his (the plaintiff's) good general character.

2nd. Because the court gave wrong instructions in behalf of the plaintiff.

3rd. Because the court refused right instructions on behalf of the defendant.

4th. Because the verdict is against the law and evidence in the case.

Which the court, WOODSON, Judge, overruled.

The defendant below assigned for errors:

1st. That the court below, contrary to the objection of defendant, permitted the plaintiff, in the examination of his evidence in chief, to give evidence of his good general character.

2nd. The several instructions given by the court below in favor of the plaintiff, were not according to law.

3rd. The court below refused the second and third instructions asked by the defendant.

4th. The court refused motion for new trial, verdict being against the law and evidence in the case.

H. CASE, and D. A. AND T. W. SMITH, for Appellant.

J. M. PALMER, for Appellee.

BREESE, J.    The action for malicious prosecution is necessarily viewed by the courts with great jealousy, from public considerations, as few men could be found who would be willing to originate a criminal prosecution, if, on failure to establish the guilt of the accused, he himself was to be subjected to an onerous and expensive suit.    Anciently it was doubted if the action would lie, unless founded upon a conspiracy.    It is now, however, well established, such actions will be maintained, but at the same time, the onus is upon the party bringing the action, to show that the criminal prosecution was the offspring of malice, and without any probable cause to justify it—that the prosecutor had no sufficient reason to believe the accused guilty.    If these are wanting—if malice and a want of probable cause do not co-exist, the action must fail.

Malice is a fact which can be proved by the circumstances attending the getting up of the prosecution, but if there be probable cause for the prosecution, the malice of the prosecutor weighs nothing, though the accused be innocent.    Probable

cause, may be said to be a mixed question of law and fact. After the facts are given in evidence, it is for the court to say, in its instructions to the jury, whether or not they make up probable cause. *Jacks* v. *Stimpson*, 13 Ill. R. 703. The want of this element is the main ground of this action, and it must be clearly shown; and though malice may be inferred from the want of probable cause, a want of probable cause cannot be inferred from malice. The onus is on the plaintiff to show affirmatively, by circumstances or otherwise, that the defendant had no ground for the prosecution—no ,such reasonable ground of suspicion sufficiently strong in itself, as to warrant a cautious man in believing that the person arrested is guilty of the offense with which he is charged. *Jacks* v. *Stimpson*, 13 Ill. R. 701; *Richey* v. *McBean*, 17 ib. 65; *Hurd* v. *Shaw*, 20 ib. 356.

What these circumstances may be, cannot be specified, but we would think, among them, the good character of the party accused would stand out prominently. All must admit that is, and must be, a strong fact, if known to the accuser, to ward off suspicion, and therefore, for this purpose, it is entirely competent for the plaintiff in the action, in his opening proofs, to show that his character was good, and known to be so by the defendant, when he made the accusation. As the onus of proving a negative—the absence of probable cause—is thrown upon the plaintiff, slight evidence will usually suffice for such purpose. But the evidence of an uniform good character up to the time of the charge, is something more than slight evidence, and the plaintiff should have the benefit of it. If known to the prosecutor, what single fact is better calculated to weaken a belief, he being a prudent and cautious man, in the guilt of the suspected party. On the other hand, his bad character may be shown by the defense, as good ground for augmenting a suspicion against him. We know, in no actions save criminal prosecutions and actions for defamation, can the character of the party, as a general rule, be inquired into, but in such a case as this, there seems to be great propriety in permitting it, for the reasons here given.

We do not consider it necessary to pass upon all the instructions given by the court for the plaintiff, or refused, as asked by the defendant. Those on the part of the plaintiff, with some inaccuracies in their frame, stated the law. The second instruction did not state the law, and, in our judgment, announces a principle of the most dangerous character. It is this:

"That the discharge of the plaintiff by the examining magistrate, is *prima facie* evidence of the want of probable cause, and sufficient to throw upon the defendant the burden of proving the contrary."

37

As stated on the argument, this instruction is copied verbatim from 2 Greenleaf's Evidence, § 455. He cites *Secor* v. *Babcock*, 2 Johns. 203.

That case decides no such principle. It is a *per curiam* opinion, and is as follows : " The justice had power, on examination of a charge of *suspicion of felony*, or of having stolen goods, to dismiss the plaintiff below, if he was satisfied there was no ground for the suspicion. The acquittal was lawful, and there was a sufficient ground for a suit for a malicious prosecution. The judgment below must be affirmed."

The court does not presume to say, that by the discharge of the accused, by the examining magistrate, a sufficient ground for a malicious prosecution was established as showing a want of probable cause. The court does not say, that by reason of the discharge, a want of probable cause is to be inferred, nor anything like it.

Greenleaf also refers to *Johnston* v. *Martin*, 2 Murphey, (N. Carolina) 249, and *Bostick* v. *Rutherford*, 4 Hawk's (N. Car.) 83, where the doctrine is there distinctly stated, in the language of this instruction. No authority or good reasoning is adduced to support it, and these cases stand alone, justifying such a principle.

To what does it amount? Why to this, that every man who appears before a magistrate to give information of a criminal offense, incurs the hazard of a prosecution against himself, should the magistrate happen to be ignorant, prejudiced or corrupt. How many magistrates are there in obscure localities, who are as little capable of determining what is probable cause for a criminal accusation, as they are of explaining any of the phenomena of nature. How many do we find prejudiced against a public accuser, how many in sympathy with the accused. The decisions of such an official, on intricate questions of law or fact, should not weigh against the accused, and they do not practically, for if he is committed, the grand jury pay no attention to the finding of the magistrate. It is not *prima facie* evidence of his guilt, and how preposterous it is to say the discharge of the criminal is *prima facie* evidence of want of probable cause. It is not so, and should never be so regarded. The fact may go to the jury that he was discharged by the magistrate, but no such inference unfavorable to the accuser should be drawn from it.

This instruction must have had great influence upon the minds of the jury, and must occasion a reversal of the judgment.

It is urged by the defendant, the appellant here, that the court should have given the second instruction asked by him. It is in these words :

" If the jury believe, from the evidence in the case, that the

plaintiff admitted, before or after the institution of this suit, that he did not blame the defendant for prosecuting him, that he (the plaintiff) had given the defendant sufficient cause for pursuing the course he did against the plaintiff, and that it was his own fault, then the jury will find a verdict for the defendant."

As the ground of the action is malice and want of probable cause, any fact going to disprove either, is properly submitted to the jury. The facts contained in this instruction, ought, if believed by the jury, to go to the acquittal of the defendant of the charge of malice, and they amount to an admission on the part of the plaintiff, that probable cause did exist for the prosecution. At any rate, the alternative might be presented in the instruction, either to acquit or find nominal damages only.

On the whole case, we think there are many circumstances shown of such folly and unreasonable conduct on the part of the plaintiff, as to expose himself to a well grounded suspicion, that he was not wholly innocent of the offense charged, and that the jury might well have found there was probable cause.

The judgment, for the reasons given, is reversed and the cause remanded.

*Judgment reversed.*