## BLIZZARD *v.* HAYS.

EVIDENCE.—*Malicious Prosecution.*—*Defendant's Knowledge of Plaintiff's Character.*—In an action for malicious prosecution of the plaintiff on a charge of crime, it is competent for the plaintiff to introduce evidence to show that before and at the time of the prosecution complained of, he was a man of good moral character and reputation in the community in which he lived, and that the defendant had knowledge of this, as tending to show a want of probable cause.

PRACTICE.—*Bill of Exceptions.*—*Objections to Evidence.*—The grounds of an objection to the admission of testimony must be shown by the bill of exceptions. It is not enough to say that an objection was made and the ground pointed out, without stating what the ground was.

From the Cass Circuit Court.

*J. Applegate*, for appellant.

*D. Turpie*, for appellee.

DOWNEY, J.—This was an action by the appellant against the appellee, for maliciously prosecuting him upon a charge of forgery. The complaint is in two paragraphs. The defendant answered in three paragraphs; the first of which was a general denial, and the others set up facts to show that there was probable cause for the prosecution. The plaintiff replied to the second and third paragraphs by general denial. A trial by jury resulted in a verdict for the plaintiff, and there was judgment thereon. Upon appeal to this court, the judgment was reversed. 30 Ind. 457. On a second trial of the cause, there was a verdict for the defendant, a motion for a new trial made by the plaintiff overruled, and judgment for the defendant. From this judgment, the present appeal is taken. The only error assigned is upon the action of the court in overruling the motion for a new trial.

One of the reasons urged for a new trial by the plaintiff was the refusal of the court to allow him to introduce evidence on the trial to show that he was, at and before the time of the prosecution complained of, a man of good moral character and reputation in the community in which he then resided, and that the defendant had knowledge of this, as tending to show a want of probable cause for the prosecution.

In *Shannon* v. *Spencer*, 1 Blackf. 526, the court say:

"Whether the plaintiff was at liberty to give evidence of her general character, is a question not very clear. The general rule that the plaintiff's character is not in issue, and that it is presumed to be good until impeached by testimony, will admit of considerable modification, and many exceptions, when applied to actions of malicious prosecution. In

the case of *Rodriguez* v. *Tadmire*, 2 Esp. Rep. 721, the
defendant in malicious prosecution was permitted, in show-
ing probable cause, to inquire if the plaintiff was not a man
of bad character, and we see nothing inconsistent with jus-
tice in permitting this rule to operate in favor of the plain-
tiff; that she, in showing the want of probable cause, may
show her general character to be good. In criminal prose-
cutions, the defendant is permitted to prove the goodness
of his general character: see *Commonwealth* v. *Hardy*, 2
Mass. 317; and if he has given such testimony on the trial,
and should bring an action for malicious prosecution, he may
show all the testimony that was given on the trial, including
(as a matter of course) the evidence of his good character;
and it seems, under the same rule, that he might introduce
such testimony, when he had not found it necessary to make
use of it on the trial. We are aware of no reason that
would restrain him in showing the want of probable cause,
from using the same testimony by which he might defend
himself against the prosecution. In malicious prosecution
there seems more reason for the admission of such testimony
than in other cases. They generally rest on the question of
probable cause, which is frequently made up, or attempted
to be made up, of a combination of circumstances, among
which, character will always have considerable weight. We
therefore see no good reason why either general good or bad
character, at the time the prosecution was commenced, may
not be proved in this action, when brought on account of
criminal prosecution. But the doubt that hangs over the ques-
tion may, for the present, be permitted to remain, as it does
not appear absolutely necessary to remove it in this case."

The question seems purposely to have been left undecided
in this case.

In *Israel* v. *Brooks*, 23 Ill. 575, it was decided that pre-
vious good character was admissible for the plaintiff to show
that the defendant had not probable cause for the prosecu-
tion. The court say:

"The onus is on the plaintiff to show affirmatively, by circumstances or otherwise, that the defendant had no ground for the prosecution—no such reasonable ground of suspicion sufficiently strong in itself, as to warrant a cautious man in believing that the person arrested is guilty of the offence with which he is charged. *Jacks* v. *Stimpson*, 13 Ill. 701; *Richey* v. *McBean*, 17 Ill. 63; *Hurd* v. *Shaw*, 20 Ill. 356. What these circumstances may be, cannot be specified, but we would think, among them, the good character of the party accused would stand out prominently. All must admit that is, and must be, a strong fact, if known to the accuser, to ward off suspicion, and therefore, for this purpose, it is entirely competent for the plaintiff in the action, in his opening proofs, to show that his character was good, and known to be so by the defendant, when he made the accusation. As the onus of proving a negative—the absence of probable cause—is thrown upon the plaintiff, slight evidence will usually suffice for such purpose. But the evidence of an uniform good character up to the time of the charge, is something more than slight evidence, and the plaintiff should have the benefit of it. If known to the prosecutor, what single fact is better calculated to weaken a belief, he being a prudent man, in the guilt of the suspected party? On the other hand, his bad character may be shown by the defence, as good ground for augmenting a suspicion against him. We know, in no actions save criminal prosecutions and actions for defamation, can the character of the party, as a general rule, be inquired into, but in such a case as this, there seems to be great propriety in permitting it, for the reasons here given."

Had the plaintiff been on trial upon an indictment for the crime of forgery, it is well settled that he might have introduced evidence of his good character as a circumstance tending to show that he was not guilty. Roscoe Crim. Ev. 94, and note 1. It is held, however, in such cases, that the character of the prisoner cannot be put in evidence by the State,

unless he opens the door, by first introducing evidence of character himself.

From the analogy of the case, it would seem to follow that in an action for malicious prosecution, the plaintiff should be allowed to give evidence of his good character, and that the same was known to the defendant, as a circumstance tending to show a want of probable cause for the prosecution. The defendant might, no doubt, meet this by evidence of his bad character. We are not called upon in this case to decide whether the defendant could or could not give evidence of the bad character of the plaintiff, before the plaintiff has opened the door, as that question is not before us. What we do decide on this branch of the case is, that the evidence offered by the plaintiff of his good character at the time of the prosecution, and that his good character was known to the defendant, should have been admitted.

Another ground of the motion for a new trial is, that the court allowed the defendant, who was a witness for himself on the trial of the cause, to testify, notwithstanding the objection of the plaintiff, that he instituted the prosecution complained of in no spirit of malice, and that his intentions and motives in instituting the prosecution, and in prosecuting the same, were good.

Counsel for the appellant contends that if the defendant can, by merely swearing that his motives were pure and upright, exculpate himself, he will always go acquit; that it may be impossible to impeach or contradict him, by showing the state of his mind or feelings, as no one but himself can know, except from his acts and declarations, what his motives and feelings were; and that intention is a fact to be ascertained by the jury from all the facts and circumstances disclosed by the testimony, and not by the mere oath of the party. Had these objections been made in the circuit court to the introduction of the evidence, they might have prevailed with the court. But the bill of exceptions, while it states that an objection was made and the ground of objection pointed out, does not show what the ground of objec-

tion was.   We think the practice requires that the objection made to the evidence and the ground of it shall be shown by the bill of exceptions, and that it is not enough to state simply that an objection was made and ·the ground pointed out, without stating what the ground of it was.   Otherwise, one objection might be made in the circuit court and another considered in this court.   We cannot regard this point as. properly before us, for the reason stated.

Having decided that there was one good reason why the new trial should have been granted, we do not deem it necessary, at present, to decide whether the other grounds relied upon were well founded or not.

The judgment is reversed, with costs, and the cause remanded for a new trial.