Bank of Miller v. Richmon.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

AFFIRMED.

BANK OF MILLER ET AL. V. JAMES E. RICHMON.[*]

FILED MARCH 5, 1902.   No. 10,303.

Commissioner's opinion, Department No. 1.

1. Malicious Prosecution: PROBABLE CAUSE: PREVIOUS GOOD CHARACTER OF PLAINTIFF. In an action for malicious prosecution of a criminal action, or for an offense which imputes moral turpitude or want of integrity, it is competent for the plaintiff, in making his case in chief, to show his previous good character as bearing directly upon the question of probable cause, where such reputation was known to the defendant, or was of such general notoriety that he will be presumed to have known it.

2. Arrest in Civil Action: FORMAL DISCHARGE. Where a person is charged with being about to leave the state for the purpose of avoiding an examination concerning his property, and is arrested under the provisions of section 535 of the Code of Civil Procedure, and brought before the county judge for examination, an order, made upon hearing, that there was not sufficient evidence to warrant the arrest of the accused, is sufficient to show the proceedings fully terminated so far as the question of malicious prosecution is concerned, although the record fails to show a formal discharge.

3. Instruction: PROBABLE CAUSE: COURT. The question as to what constitutes probable cause is a question for the court to determine, and not for the jury; that is, the court must determine, as a matter of law, whether the facts are of such a character as would warrant a man of ordinary prudence in filing a complaint. An instruction which leaves to the jury to determine not only the facts, but also whether these facts would constitute probable cause, is erroneous.

ERROR from the district court for Buffalo county. Tried below before SULLIVAN, J.  Reversed.

Willis L. Hand, for plaintiffs in error.

Norris Brown and Willis D. Oldham, contra.

*Rehearing allowed.  Reversal adhered to.

DAY, C.

James E. Richmon brought this action in the district court of Buffalo county against the Bank of Miller and Nelson Maddox to recover damages for malicious prosecution. The trial resulted in a judgment in favor of the plaintiff for $400, to review which the defendants have brought error to this court.

The petition alleged that on January 13, 1898, the defendants falsely, maliciously and without reasonable or probable cause, caused the plaintiff to be arrested under the provisions of section 535 of the Code of Civil Procedure, which provides for the arrest and detention of debtors about to leave the state to avoid an examination concerning their property until such time as the examination can be had. The answer admitted the filing of the affidavit and the arrest and detention of the plaintiff, but alleged that defendants acted upon sufficient and reliable information, which led them to believe, and they did believe, that plaintiff was about to leave the state for the purpose of defrauding his creditors and avoiding an examination concerning his property; that they acted in good faith and without malice, and upon the advice of counsel, to whom they had previously communicated all the facts.

A number of errors are assigned for a reversal of the judgment, some of which we deem it unnecessary to consider, as they are not likely to again arise upon another trial of the case. Upon the trial the plaintiff was permitted, over the objection of the defendants, to introduce evidence tending to show his good reputation in the community at the time of his arrest. This ruling of the court is one of the errors now complained of. In ordinary civil suits it is undoubtedly the rule that evidence of good character is not permissible in making out a case in chief, and the authorities are in conflict as to whether in actions for malicious prosecution of a criminal action the plaintiff may, in the first instance prove his good character. Some courts of high authority maintain the view that in actions

for malicious prosecution of a criminal action, the plaintiff may, in the first instance, prove his own good character as tending to show that the prosecution was without probable cause. In *McIntire v. Levering,* 148 Mass., 546, it is said: In an action for malicious prosecution plaintiff, in order to prove that the prosecution was without probable cause, may show his good reputation, known to the defendant when the prosecution was commenced. This view also finds support in the following cases: *Woodworth v. Mills,* 61 Wis., 44; *Israel v. Brooks,* 23 Ill., 575; *Miller v. Brown,* 3 Mo., 127 and *Blizzard v. Hays,* 46 Ind., 166.   While it is true that every one is presumed to have a good character until the contrary is shown, and this presumption ordinarily saves the necessity of proof, yet when one is charged with crime, or with an act which imputes moral turpitude or want of integrity, he is not obliged to rest upon the legal presumptions in his favor, but may show, if he can, his good character.   So, in an action for malicious prosecution, where the party is charged with a criminal act, or an offence involving moral turpitude or lack of integrity, the better rule, as it seems to us, is to permit the plaintiff, in making his case in chief, to show his previous good character, as bearing directly upon the question of probable cause, where it is shown that such reputation was known to the defendant, or was of such general notoriety that he will be presumed to have known it.   In the case at bar the affidavit which formed the basis for the arrest, does not charge the plaintiff with the commission of a crime as the term is ordinarily understood, but does charge him with an offense which necessarily imputes a bad character for integrity and fair dealing.   We think, therefore, that it was competent for the plaintiff to show that immediately prior to the commencement of the prosecution he bore a good reputation for honesty and fair dealing, which was known to the defendants, or which ought to have been known to them on account of the general knowledge in the community.

Another error, argued at some length, was that the al-

leged malicious prosecution was not fully terminated at the date of the commencement of this action, and hence the present suit was prematurely brought. The record shows that upon the arrest of the plaintiff he was taken before the county judge for examination, and upon the hearing the county judge found that there was not sufficient evidence to warrant the arrest of the plaintiff; but the court thereafter proceeded with the examination, which disclosed that the plaintiff had $18 in his possession, which the court ordered him to turn over to the defendant on its judgment, and in default of such payment to be committed to the sheriff. We think the proceedings were fully terminated, so far as the question of malicious prosecution is concerned, when the county judge made his order that there was not sufficient evidence to warrant the arrest of plaintiff, and that plaintiff was not about to leave the state. The order with reference to the payment of the money into court was an incident of the examination of the plaintiff under the statute, and not a part of his arrest and detention. Upon the same day of these proceedings before the county judge the present action was commenced, and, in order to show that all of the orders of the county court had been made before this action was instituted, one of the attorneys was called as a witness, and testified that the petition was not prepared or filed until after the decision of the county court. In this, we think, there was no error.

It is also urged that the proof does not sustain the allegations of the petition, because the petition states that the defendants charged the plaintiff with a crime, whereas the affidavit offered in evidence in proof of the charge shows that the plaintiff was not charged with a crime, but it was merely a charge that he was about to leave the state for the purpose of avoiding an examination concerning his property and to defraud his creditors. The petition, however, sets forth at length the affidavit upon which the plaintiff was arrested, and, while the acts complained of were not, in a technical sense, a crime, punishable by crim-

inal process, we think the petition having set forth the terms of the affidavit they were sufficiently pleaded to permit the affidavit to be offered in evidence. In one part of the petition the acts of the plaintiff were referred to as an "offense."

Another error complained of relates to certain instructions given by the court upon its own motion, one of which was as follows: "The defendant Maddox claims that he had information from others of facts and circumstances which caused him to believe the defendant [plaintiff] was about to leave the state to avoid examination as to the property he owned. It is for you to determine whether or not such information if he had the same, was sufficient to justify him in instituting the proceedings against the plaintiff. And in this connection you are instructed that the information that would justify the making of the complaint against another for the purpose of having him arrested, must be of such character and obtained from such sources that business men generally of ordinary care and prudence and discretion would feel authorized to act upon it under similar circumstances. If in this case the jury believe from the evidence that defendant made the alleged affidavit before the county judge for the arrest of the plaintiff and that he was arrested in consequence thereof, then it is a question of fact to be determined by the jury from the evidence whether the defendant when he made the complaint, acted upon such information as men of ordinary care and prudence would have felt justified in acting upon under like circumstances." It is the settled law of this state that the question as to what constitutes probable cause is a question for the court to determine, and not for the jury. Where the facts are undisputed, the court must say whether or not there was probable cause; that is, the court must determine as a matter of law whether the facts are of such a character as would warrant a man of ordinary care and prudence in filing a complaint. The province of the jury is to determine whether certain alleged facts exist, but the court must determine the sufficiency of these

facts to constitute probable cause. In an action for malicious prosecution, where the facts are disputed, the jury is to determine what the facts are; the sufficiency of the facts to constitute probable cause is for the court. Such is the holding in *Jonasen v. Kennedy,* 39 Nebr., 313. The instruction here complained of leaves to the jury to determine not only the facts, but also whether those facts would constitute probable cause. There was no other instruction in which the court informed the jury what facts would constitute probable cause. In this instruction, we think, there was error.

We therefore recommend that the judgment be reversed and the cause remanded for further proceedings.

HASTINGS and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.

NOTE.—The character and reputation of the defendant for chastity and virtue is not at issue in an action of bastardy. *Stoppert v. Nierle,* 45 Nebr., 105; *Houser v. State,* 93 Ind., 228; *Low v. Mitchell,* 18 Me., 372, 375. The general character is not regarded as put in issue by one unlawful or fraudulent act. *Low v. Mitchell, supra; Attorney General v. Bowman,* 2 B. & P. [Eng.], 532, note *a; Nash v. Gilkeson,* 5 S. & R. [Pa.], 352. Evidence of good character not admissible in civil suit for maliciously burning plaintiff's wheat stacks. *Barton v. Thompson,* 56 Ia., 571. Different rule in action for libel and slander. See Townsend, Libel and Slander.—REPORTER.