No. 28,685.

JAMES DIVERS, *Appellee*, v. ELIZA LE MAY, *Appellant*.

(284 Pac. 438.)

Opinion filed February 8, 1930.

*D. E. Henderson,* of Kansas City, for the appellant.

*David F. Carson, William Drennan* and *Russell Stevens,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The action is one to recover damages for the malicious prosecution of a criminal action. Judgment was rendered in favor of the plaintiff for both actual and punitive damages, and the defendant appeals.

On September 9, 1926, the defendant filed with a justice of the peace of Wyandotte county a complaint charging the plaintiff

herein with having, on or about the 5th day of September, 1926, unlawfully and willfully disturbed the peace of the defendant by calling her vile and indecent names, and asked that the plaintiff be required to give a bond to keep the peace. The action was afterward tried, and the defendant therein, the plaintiff in the present action, was found not guilty. He then commenced this action.

■ The defendant complains of the admission of evidence offered by the plaintiff. The evidence complained of is that introduced by the plaintiff to show that previous to his arrest he had been a man of good reputation. The defendant cites authority to show that testimony cannot be introduced to sustain the weight of the testimony or the credibility of a witness. That is not the situation in this action. The evidence was not introduced to establish the credibility of the plaintiff as a witness, but was introduced to show want of probable cause for instituting the prosecution and to show how and wherein the plaintiff was damaged.

The evidence complained of, given by one of the witnesses for the plaintiff, is shown in the abstract as follows:

"My name is William L. Way. I used to live a little west of Muncie. I have known Jim Divers for thirty years and Mrs. LaMay for ten. I know where this property is in Wyandotte county.

"Q. During the thirty years that you have been knowing Jim Divers, I will get you to state to the jury whether or not you know of his ever having been arrested or in trouble. A. Never did.

"Q. Do you know what his reputation is out there for being a truthful, hard-working, honest, decent man? A. First class.

"Q. Now, you have known Jim during those years pretty familiarly, that is, you have seen him every day or two and been around him? A. Well, he worked for me about eight years. And when I moved to Lawrence I left him on the place and he stayed there and took care of the stock, and took in stock in the pasture and collected money.

"Q. Have you seen him looking after these horses and cattle under circumstances pretty trying?

"MR. JONES: I don't see where that is material.

"MR. CARSON: I have got to lay the foundation to show that this man has been under provocation and yet he has never heard him swear.

"THE COURT: Overruled.

"A. Well, on the farm a person has balky horses and bad mules and contrary hogs, and all these things, to handle.

"Q. Now, during this entire time, I will get you to tell the jury whether you ever heard Jim Divers swear or curse or use profane language. A. Never did.

"Q. Do you know whether or not he does actually belong to a church?

"MR. JONES: Objected to as incompetent, irrelevant and immaterial, and too remote. (No ruling.)

"A. Yes; he belongs to a church and I believe he is a Christian."

Another witness testified to much the same effect concerning the good reputation of the plaintiff, but the abstract does not show any objection to the testimony of this witness.

This question has received some attention in *Emory v. Eggan*, 75 Kan. 82, 83, 88 Pac. 740, where the court used the following language:

"Numerous errors are assigned, three of which are deemed of sufficient importance to require comment. Plaintiff introduced the depositions of numerous witnesses from Garden City to prove that when he lived there his reputation for honesty and fair dealing was good. The contention of defendant is that in an action for malicious prosecution such evidence is incompetent for the purpose of proving want of probable cause unless it be shown that such reputation was known to, or should have been known by, the plaintiff in the action claimed to have been brought maliciously. There was no evidence showing or tending to show that Doctor Emory knew or might have been acquainted with Eggan's previous reputation when he brought the action. The authorities sustain this contention. (Newell, Mal. Pros. 466.)

"In *McIntire v. Levering*, 148 Mass. 546, 20 N. E. 191, 2 L. R. A. 517, 12 Am. St. Rep. 594, it was said: 'To prove that the attack was originally made without probable cause, we think he should be permitted to show his good reputation known to the defendant when the prosecution was commenced.' (Page 549.) This view of the law is also sustained by the following cases: *Woodworth v. Mills*, 61 Wis. 44, 20 N. W. 728, 50 Am. Rep. 135; *Israel v. Brooks*, 23 Ill. 575; *Miller v. Brown*, 3 Mo. 127, 23 Am. Dec. 693; *Blizzard v. Hays*, 46 Ind. 166, 15 Am. Rep. 291; *Bank of Miller v. Richmon*, 64 Neb. 111, 89 N. W. 627." (See, also, 38 C. J. 482.)

The evidence quoted shows that both the plaintiff and the defendant had lived in the community for a number of years, for such a length of time that the defendant must have known of the reputation of the plaintiff. Under these circumstances and the principle declared in *Emory v. Eggan*, supra, there was no prejudicial error in the admission of the evidence.

■ Defendant complains of the exclusion of testimony offered by her. The plaintiff was a tenant on the property of the defendant. She had commenced an action to recover from him the possession of that property. She sought to introduce evidence concerning that action and its termination. It was excluded. It had nothing whatever to do with the present action. It did not tend to prove or disprove any issue involved from which this appeal has been taken. It is not shown in the abstracts. Besides, it was not produced on the hearing of the motion for a new trial. That prevents this court from reviewing the judgment on this ground. (R. S. 60-3004.)

■ At the conclusion of the evidence of the plaintiff, the defend-

ant demurred to his evidence. That demurrer was overruled. At the conclusion of all the evidence the defendant asked the court to direct the jury to return a verdict in her favor. That request was denied. These propositions raise the question of the sufficiency of the evidence to compel the submission of the case to the jury. There was evidence which tended to prove that the plaintiff was arrested at about three o'clock in the morning; that he was taken from a warm bed and was taken to jail; that he contracted a cold; that after he was arrested his neighbors joked him about it; that he was humiliated; that he gave bond for his appearance; that the action was tried; that he was acquitted, and that there was no reason for his arrest. That was sufficient to justify the court in refusing to instruct the jury to return a verdict in favor of the defendant.

■ Complaint is made of an instruction given by the court. We quote from the brief of the defendant as follows:

"The instruction shown on page 49 of the abstract appears to the writer to be faulty. So far as germane to this discussion, it reads as follows:

" 'If you find from the evidence that a short time before the plaintiff's arrest, on or about the 5th day of September, 1926, the plaintiff called the defendant the vile and indecent names referred to in the testimony, in Wyandotte county, Kansas, in the vicinity of the house occupied by the plaintiff and the defendant, under circumstances calculated to · disturb the peace and quiet of the defendant, this would constitute probable cause for instituting the prosecution in question, and in such event it will be your duty to find for the defendant, regardless of whether you find said prosecution was instituted maliciously or not. On the other hand, if you do not find from the preponderance of the evidence that said vile and indecent language was used by the plaintiff at said place and under such circumstances, then and in that event, you should find that the defendant did not have probable cause for instituting said prosecution against the plaintiff.' "

The defendant further says:

"The instruction is erroneous because it limited the jury to a consideration of only the names used on or about September 5, 1926, and foreclosed and prevented all consideration by it of the language heretofore discussed under question No. 4."

The complaint filed with the justice of the peace charged that the · offensive language was used on or about September 5, 1926. The petition filed by the plaintiff in the present action alleged that the complaint charged the plaintiff with having used the language on or about September 5, 1926. The answer did not allege anything to show that the language had been used on any day other than the one alleged in the complaint. Under those circumstances it was

proper to confine the time within the allegations of the complaint and of the petition.

■ Special questions were answered by the jury as follows:

"1. Did the defendant, before she signed and swore to the complaint referred to in plaintiff's petition, make a statement of the facts concerning the offense charged in said complaint to J. R. Stanley and Harry Hayward, or either of them?  A.  No.

"2. If you answer question numbered one (1) in the affirmative, state whether or not the statement made by defendant to the said J. R. Stanley and the said Harry Hayward, or either of them, was a full, fair and truthful statement of the material facts concerning the offense charged in said complaint.  A.  No.

"3. If you answer question numbered one (1) in the affirmative, and question numbered two (2) in the negative, then state what was not full, fair or truthful about said statement.  A.  She did not state truth.

"4. If you find for the plaintiff, and assess damages, state how much for (a) actual damages, and (b) how much for punitive damages.  A.  (a) $250; (b) $250."

The defendant moved the court to set aside the answers to the special questions numbered one and two for the reasons that the answers were contrary to the evidence, and to set aside the answer to question number three for the reason that the answer was ambiguous.  There was evidence that the defendant, before filing complaint against the plaintiff, consulted a reputable attorney and the county attorney concerning the advisability of commencing a criminal prosecution.  There was also evidence which tended to prove that she did not make a full and truthful statement of the facts to the attorney and to the county attorney.  With that evidence in mind the jury was justified in answering questions one, two and three as they did.  They were not inconsistent with each other, nor with the general verdict.

Complaint is made of the fact that the defendant's motion for a new trial was overruled, and it is contended that the court erred in rendering judgment for the plaintiff against the defendant.  All the propositions argued by the defendant have been covered under the other heads, and nothing further need be said.

The judgment is affirmed.