## W. L. MASK *v.* JOHN F. RAWLS.

TRESPASS ON THE CASE. *Malicious prosecution. Defective affidavit.*

Trespass on the case lies for malicious prosecution, although the affidavit which was the commencement of the prosecution fails to charge a crime known to the law.

ERROR to the Circuit Court of Chickasaw County.

Hon. J. A. GREEN, Judge.

In this action of trespass on the case by the plaintiff in error against the defendant in error, for malicious prosecution, there was testimony that the latter prosecuted the former before a justice of the peace for larceny, and that the accused was arrested on the warrant, examined and discharged. The affidavit and warrant, and the record containing the judgment of the justice were produced, by which it appeared that the charge in the affidavit was that W. L. Mask killed the affiant's hog and carried it home. On motion of the defendant in error, the affidavit was excluded from evidence.

*W. F. Tucker,* for the plaintiff in error.

The legal insufficiency of the affidavit, which has performed its office, by causing the plaintiff's arrest and trial on a charge of an infamous crime, cannot be invoked for the protection of the prosecutor, who has brought as much opprobrium upon his victim as if the paper had been technically correct. Trespass on the case can be maintained if the prosecution was malicious, although it was irregular, or in a court without jurisdiction. 1 Chitty Pl. 183, 184. So, where the warrant does not describe the offence charged, or where the affidavit misdescribes it, or where the warrant is not sealed. 2 Greenl. Evid. § 449; 1 Hilliard on Torts, p. 427, § 14; *Forrest* v. *Collier,* 20 Ala. 175; *Collins* v. *Love,* 7 Blackf. 416; *Pedro* v. *Barrett,* 1 Ld. Raym. 81; *Pippet* v. *Hearn,* 5 B. & Ald. 634; *Chambers* v. *Robinson,* 2 Strange, 691; *Wicks* v. *Fentham,* 4 T. R. 247; *Long* v. *Rogers,* 17 Ala. 540; *Ewing* v. *Sanford,* 19 Ala. 605; *Kline* v. *Shuler,* 8 Ired. 484; *Stancliff* v. *Palmeter,* 18 Ind. 321; *Smith* v. *Deaver,* 4 Jones, 513. Arrest and imprisonment are not an incident, but the gravamen of the charge. *Goslin* v. *Wilcock,* 2 Wils. 302; *Smith* v. *Cattel,* 2 Wils. 376; *Elsee* v. *Smith,* 1 Dowl. & Ryl. 97; s. c. 2 Chit. 304; *Morris* v. *Scott,* 21 Wend. 281; *Stone* v. *Stevens,* 12 Conn. 219; *Hays* v. *Younglove,* 7 B. Mon. 545.

*Lacey & Baskin,* on the same side.

Had the affidavit sufficiently charged the offence, case would have been the proper remedy; 1 Chitty Pl. 152, 153; 3 Black. Com. 127; and it is likewise proper, although the affidavit is

defective. 2 Wheaton's Selwyn, 1078, 1079; 2 Greenl. Evid. § 452; 1 Chitty Pl. 184; 1 Hilliard on Torts, 427; Hilliard on Remedies for Torts, 239. Malice and falsehood constitute the gravamen of the charge, and case will therefore lie. *Morris* v. *Scott*, 21 Wend. 281; 1 Chitty Pl. 184; *Long* v. *Rogers*, 17 Ala. 540; 1 Hilliard on Torts, 427. Under our system of pleading, however, there is no distinction between case and trespass, so that the suit could have been brought in either form.

*Buchanan & Houston*, for the defendant in error.

The affidavit was excluded, not because it failed to describe the offence with technical accuracy, but because it charged no crime. The warrant and subsequent proceedings are in such case void. *Steel* v. *Williams*, 18 Ind. 161; *Maher* v. *Ashmead*, 30 Penn. 344; *Baird* v. *Householder*, 32 Penn. 168; *Morgan* v. *Hughes*, 2 T. R. 225; *Braveboy* v. *Cockfield*, 2 McMullan, 270; *Ivy* v. *Barnhartt*, 10 Mo. 151; *Bixby* v. *Brundige*, 2 Gray, 129; *Marshall* v. *Betner*, 17 Ala. 832. The charge must be of a crime, not a mere trespass. *Frierson* v. *Hewitt*, 2 Hill (S. C.), 499. In this case there was no criminal prosecution. *Leigh* v. *Webb*, 3 Esp. 165. The remedy in cases of this character is an action for slander, if the charge is of a scandalous nature, or trespass *vi et armis* if there was an arrest. *Turpin* v. *Remy*, 3 Blackf. 210; *Bodwell* v. *Osgood*, 3 Pick. 379; *Allen* v. *Greenlee*, 2 Dev. 379.

Campbell, J., delivered the opinion of the court.

The exclusion of the affidavit which was the commencement of the prosecution complained of as malicious was erroneous. The gravamen of the action is the malicious prosecution of the plaintiff, upon a false and unfounded charge, whereby damage was done to him. It matters not that the affidavit does not contain a charge of felony or other crime. It served as the basis of a warrant for the arrest of the party charged, and the sting of malice and falsehood is just as hurtful when inflicted through the medium of an affidavit legally insufficient, as if it was drawn with technical precision. It is settled by respectable authorities that case, as contradistinguished from trespass *vi et armis*, is maintainable in such

case, and this view fully comports with our system of remedies. *Hays* v. *Younglove*, 7 B. Mon. 545; *Morris* v. *Scott*, 21 Wend. 281; *Stone* v. *Stevens*, 12 Conn. 219.

*Judgment reversed and new trial awarded.*