## WAUFLE vs. McLELLAN.

*March 2 — March 24, 1881.*

NEW TRIAL by reason of a false assessment of the damages for malicious prosecution.

In an action for a malicious prosecution, the undisputed evidence conclusively showed that plaintiff had incurred reasonable expenses in his defense, *exceeding fifty dollars*. The jury were instructed that if they found for plaintiff he would be entitled to recover a reasonable sum for the expenses so incurred; but they found for the plaintiff, and assessed his damages at *five dollars*. Under the statute, the plaintiff, recovering less than fifty dollars, could recover no more costs than damages. *Held*, that it was error to deny his motion for a new trial.

Waufle vs. McLellan.

APPEAL from the Circuit Court for *Rock* County.

Action to recover damages for an alleged malicious prosecution. The defendant made complaint to a justice of the peace, in due form of law, charging that the plaintiff had committed the crime of forgery. The plaintiff was arrested by virtue of a warrant issued upon such complaint, and, after an examination, was held to bail for his appearance at the circuit court to answer an information for such crime. An information therefor was filed, he was arraigned, and pleaded not guilty, and was required to recognize for his appearance at a subsequent term. Afterwards, on motion of the district attorney, a *nolle prosequi* was entered in the case, and the prosecution thus terminated. The plaintiff brought this action to recover damages for such prosecution; and he alleges in his complaint that it was instituted by the defendant maliciously, and without probable cause. The complaint alleges special damages, to wit, plaintiff's costs, trouble and expenses in defending against the criminal charge, including $50 paid by him for services of counsel. The undisputed evidence on the trial proves that he paid such counsel fees; also about $30 to witnesses; and that he agreed to pay a person who came from Nebraska at his request, as a witness, $50, in addition to $25 actually paid. Besides, the plaintiff expended several days' time in his defense. The court instructed the jury that if they should find for the plaintiff he would be entitled to recover a reasonable sum for the expenses incurred by him in his defense, and for the trouble and annoyance to which he had been subjected. The jury found for the plaintiff, and assessed his damages at *five dollars*. After a motion for a new trial, founded in part upon the alleged inadequacy of the damages assessed, had been made by the plaintiff, and denied by the court, judgment was entered for the plaintiff pursuant to the verdict; and he appealed from the judgment.

For the appellant there was a brief by *Norcross & Dunwiddie*, and oral argument by *Mr. Norcross*.

For the respondent there was a brief by *Bennett & Sale*, and oral argument by *Mr. Bennett*.

LYON, J. The rule that a verdict which is against the evidence and against the instructions of the court shall be set aside, is inherent in our system of jury trials. The verdict in the present case violates that rule. The undisputed evidence proves that the plaintiff paid, or became liable to pay, about $150 for counsel fees and to procure the attendance of his witnesses in making defense to the criminal prosecution instituted against him by the defendant. True, it does not appear by the direct testimony of any witness how much of that expenditure was *necessarily* incurred; but enough appears in the record to show conclusively that the testimony of the witness Hall, who resided in Nebraska, was very important to the defense in the criminal prosecution. It required no affirmative proof to inform the court and jury that to procure the attendance of such witness in Janesville would necessarily involve considerable expense. Neither did it require direct proof to show that it was necessary for the plaintiff to employ counsel to conduct his defense, or that $50 was a very reasonable fee for his services. That sum would be a moderate retaining fee in so important a case.

The court charged the jury, in substance, that if they found for the plaintiff they should allow him for his reasonable expenses in that behalf. That this is a correct statement of the law there can be no doubt. Under that instruction, and the undisputed evidence, there is no reasonable hypothesis upon which an assessment of five dollars, or of any other sum less than $50 damages, can be upheld. There is no room to attribute the smallness of the verdict to errors of judgment. Neither is it necessary to find that it is a corrupt or even a prejudiced verdict. The probability is, that the jury supposed they had unlimited discretion in the assessment of compensatory as well as punitive damages; and hence, for reasons sat-

isfactory to them, but which do not appear in the record, made the assessment at a nominal sum. The fact remains, however, that the verdict is against the undisputed evidence and the instructions of the court, and is therefore, in that sense, a perverse verdict.

If the plaintiff recovers less than $50, he recovers no more costs than damages; whereas, if he recovers $50 or more, he is entitled to full costs. This is the statutory rule of costs in actions for malicious prosecution. R. S., 771, sec. 2918, subd. 4. Because of this rule, the error of the jury in assessing merely nominal damages, when damages exceeding $50 were pleaded and conclusively proved, was a grievous wrong to the plaintiff. This court would not be disposed to disturb a verdict for unliquidated damages because it is a few dollars less or more than the proof and instructions warrant, especially if the costs were not affected by the error; yet under the special circumstances of this case we think this verdict should not be sustained. The motion for a new trial should have been granted, and we cannot regard the denial of it as a proper exercise of the discretion of the court.

*By the Court.*— The judgment is reversed, and the cause remanded for a new trial.

