## McINTOSH ET AL. v. WALES.
### (No. 708.)

Malicious Prosecution—Elements of Action—Termination of Prosecution—Probable Cause—Evidence—Malice—Inference—Witnesses — Competency — Damages — Counsel Fees—Reasonableness—Punitive Damages—Appeal and Error—Joint Assignment of Error.

1. The necessary elements to support an action for malicious prosecution are the institution of the proceedings without probable cause, with malice, that they have terminated in plaintiff's favor, and that plaintiff has been damaged.

2. Where defendants furnished a justice of the peace information and signed and made oath to the complaint upon which a warrant was issued charging plaintiff with stealing cattle, the fact that they took no further part in the prosecution and that it was dismissed by the justice at the request of the prosecuting attorney without the submission of any evidence did not relieve the defendants from liability in a civil action for damages, if their acts were malicious and without probable cause.

3. Such dismissal by the prosecuting attorney constituted a termination of the proceedings in favor of the plaintiff so as to enable plaintiff to maintain an action for malicious prosecution.

4. Where plaintiff was actually arrested and held under a warrant issued under a complaint sworn to by defendants, the

fact that such complaint did not state a criminal offense was no defense to an action for malicious prosecution.

5. While the dismissal of the criminal prosecution complained of at the instance of the prosecuting attorney without submitting any evidence was admissible and sufficient to show a termination of the proceeding alleged to be malicious, such act of the prosecuting attorney was not evidence against the defendants in an action for malicious prosecution upon the issue of want of probable cause in commencing the prosecution, nor was it evidence of malice.

6. Probable cause, to justify a criminal prosecution, may exist, even though the prosecuting witness acts maliciously if the charge be true; and, even if the charge be not true, if such witness acts honestly and in good faith, basing his charge upon facts which he in fact believes to be true, but which afterwards turn out to be false, he cannot be said to have acted without probable cause.

7. The dismissal of the prosecution at the request of the prosecuting attorney by the justice, who was acting in taking the complaint and issuing the warrant as a magistrate vested with authority to hold a preliminary examination and commit upon finding that there was probable cause to believe that a crime had been committeed and that the one charged therewith was guilty, was not a judicial determination by said justice of the existence of probable cause for the institution of the criminal proceeding, nor evidence thereof in an action for malicious prosecution subsequently instituted and based upon such proceeding.

8. The verdict of the jury in an action for malicious prosecution being general was a finding upon all the issues in favor of the plaintiff.

9. Malice necessary to be shown in an action for malicious prosecution may be inferred from a showing of want of probable cause, but want of probable cause will not be inferred from proof of malice alone.

10. Where, in an action for malicious prosecution, based upon the arrest of the plaintiff under a warrant issued upon a complaint sworn to by the defendants charging the plaintiff with stealing cattle, the plaintiff testified that she never stole any cattle from the defendants or either of them, and was permitted to and did introduce as part of her affirmative case proof of her general good character or reputation for honesty and integrity in the vicinity in which she lived, and one of the defendants was her uncle and had known her in the community where she lived from

childhood, *held,* that said acquaintance was sufficient to raise a presumption of his knowledge of her good reputation, and such proof was sufficient *prima facie* to show want of probable cause.

11. The defendants in an action for malicious prosecution, to show that they acted upon probable cause in instigating the criminal proceeding upon which the action was based, introduced evidence tending to show that plaintiff's reputation for honesty and integrity was bad, and evidence of different circumstances of which defendants had knowledge prior to the prosecution. *Held,* that, conceding that such information standing alone, if honesty believed, would be sufficient to raise in the mind of a reasonably prudent man a well grounded suspicion that plaintiff had at various times prior to the prosecution been guilty of the crime charged against her, and might constitute probable cause for the prosecution, the testimony as to the circumstances aforesaid having been denied by the plaintiff, causing a direct conflict in the evidence as to the facts relied upon to constitute probable cause; the question was one for the jury.

12. In an action for malicious prosecution the fact that by her arrest plaintiff's credit at a bank was injured could be proven by her testimony, as well as by the officials of the bank, for it would be a fact within her knowledge, but whether evidence of such fact was competent was not decided, the only objection to the evidence having been that the best evidence would be that of the bank or persons connected with it.

13. In an action for malicious prosecution where plaintiff prayed for punitive damages, evidence of the financial condition of one of the defendants and the extent of his land holdings was admissible, not only upon the question of punitive damages, but as bearing upon the question of the motive of said defendant in instituting the prosecution claimed to have been malicious, plaintiff claiming that said defendant had joined in instituting the prosecution to get her and her husband out of the country and so have freer access to a range for his cattle.

14. In an action for malicious prosecution plaintiff was entitled to recover a reasonable attorney's fee for services in procuring her release from the prosecution alleged to have been instituted maliciously and without probable cause.

15. Where plaintiff, in an action for malicious prosecution, and her husband had been arrested for stealing cattle in the

prosecution complained of, and the hearing was held in a country precinct eighty miles from the county seat where the attorneys for the plaintiff resided, without railroad connection, an attorney's fee of $250 paid by plaintiff and her husband for representing her at said hearing to procure her release would not be held unreasonable, though there was no testimony upon the question as to the reasonableness of said amount.

16. There being evidence of actual malice on the part of the defendant punitive damages are recoverable in an action for malicious prosecution.

17. Where, to reverse a judgment in an action against several defendants for malicious prosecution which included punitive damages, all of said defendants joined in assigning error, and it appeared that actual malice warranting the recovery of punitive damages had been proved against one of said defendants, the other defendants were not in a position to complain of the allowance of such damages.

[Decided June 20, 1913.]          (134 Pac. 274.)

ERROR to the District Court, Fremont County; HON. CHARLES E. CARPENTER, Judge.

The material facts are stated in the opinion.

*M. C. Brown,* for plaintiffs in error. (*Ben Sheldon,* of Counsel.)

An action for malicious prosecution cannot be maintained upon an arrest made upon a complaint charging no crime, or where the alleged complaint was prepared by the justice of the peace and only signed by the parties giving the information to the justice, and said parties took no part thereafter in the arrest or proceeding. The complaint upon which this action was based lacked the necessary elements to charge a crime. (Comp. Stat. 1910, Secs. 5827, 5829, 5830-5832.) It was proper for the Prosecuting Attorney to dismiss such prosecution, for there was nothing to prosecute. No judgment could have been lawfully entered even upon a plea of guilty. The proceeding was entirely void and, therefore, cannot be held sufficient to support an action for malicious prosecution by the prosecuting attorney. Even if the warrant of arrest had been lawfully issued, it furnished no

ground whatever for an action for malicious prosecution and did not indicate want of probable cause. (Fleckinger v. Wagner, 46 Md. 480; Yocum v. Polly, 36 Am. Dec. 583; Cockfield v. Braveboy, 39 Am. Dec. 123; Joiner v. Steamship Co., 86 Ga. 238; Purcell v. McNamara, 9 East, 361; Green v. Vochran, 43 Ia. 544; Goring v. Fraser, 76 Me. 37; Parker v. Farley, 10 Cush. 279; Stewart v. Sonneborn, 8 Otto, 25 L. Ed. 117; Baird v. Householder, 32 Pa. St. 168; Perker v. Huntington, 2 Grey, 128; Brown v. Lackanan, 12 Cush. 482; Halburstadt v. Ins. Co., 195 N. Y. 1; Davis v. McMillan, 142 Mich. 391.) Many cases hold that where the committing magistrate discharges the accused, such discharge, or the failure of the grand jury to indict, does not show a want of probable cause, and such dismissal of an action will not alone be sufficient to sustain an action for malicious prosecution. (Thompson v. Rubber Co., 56 Conn. 493; Heldt v. Webster, 60 Tex. 207; Ganea v. So. Pac. R. R. Co., 51 Cal. 140; Froman v. Smith, 12 Am. Dec. 265; Stant v. Van Bethuysen, 36 La. Ann. 476; Apgar v. Woods, 43 N. J. L. 57; Davis v. McMillan, *supra.*) The dismissal of the prosecution was by a public officer, and the defendants had nothing to do with it. They cannot be held in anywise responsible for it, and hence such action of dismissal cannot be deemed as evidence of want of probable cause. (Stewart v. Sonneborn, 98 U. S. 187.) Under the circumstances of this case the question of probable cause was a question for the court. (Id.) There is nothing to be found in the entire testimony of the plaintiff to show want of probable cause. While evidence might have been received of the financial condition of the defendant Johnson, evidence merely that he owned land without showing anything as to value was inadmissible. There is no suggestion in the case as to the relevancy of that testimony. That there was probable cause for the complaint made before the justice seems to have been abundantly established by the confession of the plaintiff herself to one of the defendants and others that she had stolen a calf belonging to another party. There is nothing in

the evidence showing the good reputation of the plaintiff or that the fact of such reputation ever came to the knowledge of the defendants, appellants here, and hence that evidence does not tend to show want of probable cause.

To authorize punitive damages it must be shown that a defendant acted with malice or wrong motive. (12 Ency. Law, 23; Tracy v. Swartwort, 10 Pet. (U. S.) 80; Bennet v. Smith, 23 Hun, 50.) Where there is no evidence warranting punitive damages the court should instruct that they are not recoverable. (R. R. Co. v. Bridges, 86 Ala. 448, 11 Am. St. Rep. 58.) It is error to submit the question of punitive damages to a jury in the absence of any requisite elements for the application of the rule allowing them. (12 Ency. Law, 53; R. R. Co. v. Arms, 91 U. S. 489; R. R. Co. v. Hall, 87 Ala. 708, 13 Am. St. Rep. 84; Paine v. R. R. Co., 45 Ia. 569; R. R. Co. v. McGinnis, 46 Kan. 109; Caldwell v. Steamboat Co., 47 N. Y. 282.) The question may be for the court if there is no disagreement on any circumstances materially bearing on the principle of exemplary damages. (R. R. Co. v. Scurr, 59 Miss. 456.) The damages allowed are excessive. Damages for injury to credit is too remote, uncertain and speculative. (Dorr Cattle Co. v. Bank, 127 Ia. 153.)

Both malice and want of probable cause must concur to support an action for malicious prosecution. In such an action there must be more than malice in the ordinary sense of the word. With reference to such an action it means "such a state of mind as leads to the intentional doing of some wrongful act knowing it to be without just cause or legal excuse." (Noble v. White, 103 Ia. 361; Biering v. Bank, 69 Tex. 599.) A prosecution for the purpose of making an example of the accused for the benefit of the public is not malicious. (Coleman v. Allen, 79 Ga. 637, 11 Am. St. Rep. 449.) Evidence of the existence of dislike or ill will on the part of defendant towards the plaintiff is not enough to show legal malice in an action for malicious prosecution. (Lalor v. Byrne, 51 Mo. App. 578; Peck v.

Chonteau, 91 Mo. 138.)  Generally malice is a question of fact for the jury, but whether there is any proof of malice is first for the court to determine, malice in law being a question of law and fact.  (Coal Co. v. Mores, (Ky.) 40 S. W. 681 ;  Halliday v. Sterling, 62 Mo. 321 ;  Sharp v. Johnson, 76 Mo. 660;  Reed v. State, 29 Tex. App. 449.)  Where there is no evidence of malice the question should not be left to the jury.  (Brown v. Hawkes, 65 L. T. (n. s.) 108.)  The inference of malice or want of probable cause is not one of law or of necessary presumption, but is merely a presumption of fact which may or may not be indulged by the jury. (Stanton v. Goshorn, 94 Fed. 56.)  Probable cause is entirely independent of plaintiff's innocence.  The question in that respect is this:  Considering all the facts before the defendants, that is, of which they had been informed when they signed the complaint, had they reasonable ground to believe the defendant guilty of the matter alleged.  It is believed there can be but one answer to this question, viz.:  the defendants were warranted, as reasonable men, in making the complaint.  (Chisman. v. Carney, 33 Ark. 316;  Fadner v. Filer, 27 Ill. App. 506;  Hays v. Blizzard, 30 Ind. 457;  Center v. Spring, 2 Ia. 393;  Philpot v. Lucas, 101 La. 478;  Scatten v. Longfellow, 40 Ind. 23;  Lytton v. Baird, 95 Ind. 349;  Widmeyer v. Felton, 95 Fed. 926;  Ins. Co. v. Williams, 60 Miss. 916.)  Public policy favors prosecution for crime, and requires that a person who, in good faith and upon reasonable grounds institutes such a prosecution shall be protected.  (Teal v. Fissell, 28 Fed. 351;  Richey v. McBean, 17 Ill. 63;  Girob v. Graham, 41 La. Ann. 511;  Stone v. Crocker, 24 Pick. 81;  Cole v. Curtis, 16 Minn. 182.)

*Stone & Winslow*, for defendant in error.

It is no defense to this action that the criminal complaint was not sufficient as a charge of a crime.  It is not necessary, to sustain an action for malicious prosecution, that the affidavit on which the prosecution was based properly charged an offense.  (Randall v. Henry, 5 Stew. & P. 367;

Ewing v. Sanford, 19 Ala. 605; Schattgen v. Holnback, 149 Ill. 646; Stancliff v. Palmeter, 18 Ind. 321; Streight v. Bell, 37 Ind. 550; Shaul v. Brown, 28 Ia. 37; Parli v. Reed, 31 Kan. 534; Bell v. Keepers, 37 Kan. 64; Potter v. Gjertsen, 37 Minn. 386; Mask v. Rawls, 57 Miss. 270; Stocking v. Howard, 73 Mo. 25; Malone v. Huston, 17 Neb. 107; Vennum v. Huston, 38 Neb. 293; Humphrey v. Ins. Co., 62 Hun, 618; Lueck v. Heisler, 87 Wis. 644.) Upon the trial the plaintiff, to show want of probable cause, introduced her own positive testimony and the evidence of numerous witnesses to negative any guilt on her part in connection with the matters charged in the criminal complaint, and also evidence of actual malice by expressions of threats and statements by the defendants. The defendants wholly failed to establish the commission of any crime by the plaintiff or any other person, or that any crime had been committed by anyone. By the great weight of authority the dismissal of the criminal proceeding by the prosecuting attorney constituted a termination of the proceeding such as to enable this plaintiff to maintain her action for malicious prosecution. The rule is that a prosecution is to be regarded as terminated, for the purposes of such an action, when it has been so disposed of that it cannot be revived, or that if the prosecutor intends to further prosecute new proceedings must be commenced. (Graves v. Scott, 104 Va. 372; Bell v. Mathews, 37 Kan. 686; see note to Graves v. Scott, *supra,* in 7 Ann. Cas. 482; Fox v. Smith, 26 R. I. 1, 3 Ann. Cas. 110; 19 Ency. Law, 655; 26 Cyc. 87.) The instructions given to the jury fairly stated the law and followed leading authorities upon the subject, viz.: Baker v. Hornik, 57 S. C. 213, 35 S. E. 524; 1 Brickwood's Sackett on Instr. 851, Sec. 1284; Wright v. Fansler, 90 Ind. 492. Probable cause is something more than mere ground for suspicion or even reasonable ground therefor. It was for the jury to determine whether or not probable cause existed. They found against the defendants on the question and their verdict is sustained by the evidence.

Scott, Chief Justice.

The defendant in error as plaintiff recovered judgment for the sum of $500 and costs against the plaintiffs in error as defendants in the District Court of Fremont County for an alleged malicious prosecution. A motion to set aside the verdict and for a new trial was filed, which the court overruled and the defendants bring error.

There are two separate counts contained in the petition, but the court withdrew the first and the issue as finally submitted to the jury was upon the second count and the evidence directed thereto. It is alleged in the second count as follows:

"And the said plaintiff, Nancy Wales, further complains of the said named defendants, P. J. McIntosh, Jesse Johnson, and Donald A. Beaton, and each of them, and for her second cause of action alleges and says that on the 30th day of May, A. D. 1910, the said named defendants, and each of them, wrongfully, falsely and maliciously, and without probable cause, before Emil Jamerman, a Justice of the Peace in and for the County of Fremont in the State of Wyoming, charged that this plaintiff did, on the 22nd day of May, A. D. 1910, and during the last five years prior to said date, in Rongis, in the County of Fremont, State of Wyoming, unlawfully, maliciously and feloniously steal unbranded calves from the range adjacent to the ranch of this plaintiff and adjacent to the ranches of John Wales and William Johnson, and thereupon prayed and demanded that this plaintiff be forthwith apprehended on the said charge of the said defendants, and said defendants caused this plaintiff to be wrongfully arrested, detained and deprived of her liberty and be brought before the said magistrate and be arraigned to plead to the said charge on the said 30th day of May, A. D. 1910.

"That this plaintiff was so wrongfully detained, imprisoned and deprived of her liberty for the space of about five hours and was compelled to leave her home and work and be taken under arrest a distance of about eight miles and

to be taken before the magistrate in the presence of a large number of the friends and neighbors of this plaintiff and accompanied by the defendants as complainants, and the said defendants there caused and procured the said magistrate to order this plaintiff to give bond and this plaintiff was then and there compelled to give bond in the sum of $500.00 for her further appearance before the said magistrate at a time fixed by him, and in default of said bond that she stand committed to the County Jail in said County of Fremont, that plaintiff was afterwards required without her consent and against her will to be and appear before the said magistrate on the 15th day of June, A. D. 1910, and again on the 25th of June, A. D. 1910, to answer said charge.

"That afterwards, on the 25th day of June, A. D. 1910, the said cause came on for hearing before Emil Jamerman, Justice of the Peace, and John Dillon, County and Prosecuting Attorney for the said County of Fremont, appeared on behalf of the prosecution of said cause, and after inquiry and investigation, said John Dillon as such Prosecuting Attorney failed and refused to prosecute said charge and the said charge against this plaintiff was without the consent of the said named defendants herein dismissed and this plaintiff was acquitted of said charge and then released from custody, and said prosecution is now ended and wholly determined.

"And this plaintiff says ·that she was not guilty of the charge made by said defendants and was never before charged with being guilty of any crime whatever, and up to that time had always been esteemed a good and worthy citizen and respected by all her neighbors and acquaintances in the community where she resides, and the plaintiff further says that the charge was made by the defendants against this plaintiff and said arrest and detention of said plaintiff was made and caused without any probable cause to suspect the plaintiff guilty of the charge as made by said defendants, or of stealing any livestock whatever; and the said

arrest of plaintiff was malicious and was caused and pro-
cured by the said defendants in furtherance of their ex-
pressed intention and design to prosecute and litigate this
plaintiff and involve this plaintiff in expensive litigation
until she would be forced to abandon her residence and
home in the community and dispose of her holdings to the
said defendants and those interested with them, to the end
that the said defendants for their benefit and profit might
have the fences removed from around the lands of this
plaintiff and of her husband and permit the said defendants
easy access to the open territory and stock range upon the
mountain and beyond the holdings of this plaintiff and of
her said husband.

"That by reason of the wrongful acts of the said defend-
ants this plaintiff has been greatly injured and damaged in
her credit, standing and reputation in the community where
she resides, and has been brought into public scandal, in-
famy and disgrace, and has suffered great anxiety, mental
anguish, great humiliation, shame and disgrace, and has been
obliged to expend the sum of $100.00 in procuring her dis-
charge from said prosecution and imprisonment.

"That the whole of said proceedings by said defendants
against this plaintiff were unlawful, wanton and malicious,
and have greatly distressed and humiliated plaintiff and in-
jured her in her good name and reputation, and by reason
of the premises plaintiff has been damaged in the sum of
Ten Thousand Dollars.

"WHEREFORE, Plaintiff prays judgment against the said
named defendants, P. J. McIntosh, Jesse Johnson, and Don-
ald A. Beaton, and each of them, in the sum of Ten Thou-
sand Dollars, and that Plaintiff may have and recover such
other further or different relief as may be just and equi-
table."

The defendants answered jointly, denying generally and
specifically each allegation of the petition, alleged that de-
fendants stated the facts to the justice in good faith, for
good cause believed to exist as a duty to the public and for

no other reason whatsoever, and denied that they brought about her arrest without probable cause. The plaintiff filed her reply putting in issue the new matter alleged in the answer.

It is assigned as error (1) that the court erred in overruling defendant's demurrer to the second cause of action on the ground that it failed to state facts sufficient to constitute a cause of action; (2) that the court erred in refusing plaintiff's motion at the close of the testimony to instruct the jury to find for the defendants; and (3) that the evidence does not support the verdict and that the court erred in not granting the motion for a new trial. The essential elements necessary to be shown by the petition and evidence in an action for malicious prosecution are (1) the institution of the proceedings; (2) without probable cause; (3) with malice; (4) that the proceedings have terminated and in plaintiff's favor; (5) damage to plaintiff. (19 A. & E. Ency. of Law, 653, 13 Ency. Pl. & Pr. 427.) In the case here the evidence tends to support the allegations of the second cause of action contained in the petition and if sufficient to entitle the plaintiff to recover what we have to say on that question would be determinative of the sufficiency of the petition. It is urged that proof to the effect that the information which failed to charge plaintiff with the commission of an offense under the laws of this state and the warrant issued thereon were written and prepared by the justice of the peace, the defendants doing nothing more than signing the information and taking no part in the arrest or any other or further action after signing the information is not sufficient to maintain the action. It is also contended that the dismissal of the criminal proceeding by the justice of the peace at the request of the prosecuting attorney without submitting any evidence was not a termination of that proceeding in plaintiff's favor.

The argument as to the first contention is based upon a false premise. The evidence is undisputed that the defendants applied to the justice, furnished him the information,

and subscribed to the complaint as the basis of the prosecution, but that they each made oath to the same. Whatever facts were stated in the information were supported by their oaths, and furthermore the jury had a right to presume that they made oath thereto to secure the issuance of the warrant upon which the plaintiff was arrested. The machinery of the law was intended to be put in motion and to all intents and purposes in so far as these defendants are concerned it was, and if their acts were malicious and without probable cause then they could not escape liability in a civil action for damages on the ground that they took no further part in the prosecution or proceedings after signing the complaint.

It may be conceded, as eminent counsel for the defendants claim, that the complaint or information filed before the justice of the peace and upon which the warrant issued did not state a criminal offense, and it may further be conceded that the courts are at variance as to whether an action for malicious prosecution upon such a complaint can be maintained. The great weight of authority supports the right and we think the better reasoning sustains that view. In Shattgen v. Holnback, 149 Ill. 646, 36 N. E. 969, it is said: "It is not necessary, in order to sustain an action for malicious prosecution, that the affidavit on which the prosecution was based properly charged the offense." It may be said that that court had reference to a defective description of an offense, but not where there is no offense charged in the criminal complaint. In Bell v. Keepers, 37 Kan. 64, 14 Pac. 542, it was held that "in an action for malicious prosecution it is no defense that the complaint upon which the warrant of arrest was issued did not state a criminal offense." The reasons for so holding were pointedly stated in that case as follows: "A warrant was issued substantially following the complaint, and it is now claimed that this complaint does not state a criminal offense, and for this reason plaintiff insists that no action for malicious prosecution can be maintained for the arrest made there-

under. This is no longer an unsettled question in this state. This court has repeatedly held that it could not protect a complainant after procuring a warrant to issue on his complaint, to say in answer to a charge of malicious prosecution, that the complaint charges no crime. A void process procured through malice, and without probable cause, is even more reprehensible, if possible, than if it charged a criminal offense. The wrong is not in the charge alone, but more in the object and purposes to be gained, and the intention and motive in procuring the complaint and arrest. The contents of the complaint, when maliciously made, without good cause, are of but little consequence and can give no protection."

In Mask v. Rawls, 57 Miss. 270, it is said that "trespass on the case lies for malicious prosecution, although the affidavit which was the commencement of the prosecution fails to charge an offense known to the law." To the same effect is Lueck v. Heisler, 87 Wis. 644, 58 N. W. 1101. In the note to Ross v. Hixon, 46 Kan. 550, 26 Pac. Rep. 955, 12 L. R. A. 760, 26 Am. St. 123, 129, Mr. Freeman says: "It may be that the charge as made does not constitute a public offense, or that for some other reason no conviction can be had under it, or though constituting some offense, it does not justify the proceeding taken or warrant issued by the magistrate, and cannot for that reason result in a conviction. In each of the instances supposed, there cannot, if the law is properly construed and applied, be any conviction, and on that account it has been insisted that there is no prosecution such as will sustain an action, though it is shown to be malicious and without probable cause. As we shall hereafter show, it is necessary, to maintain an action for malicious prosecution, that the defendant was guilty of malice and acted without probable cause in preferring the charge which he made. If both of these elements are shown to have been present, it is not material that the prosecutor, in the complaint which he made, did not state facts sufficient to constitute a crime, or that some irregularity of proceed-

ing after the complaint was preferred made the arrest under it improper and unauthorized. Hence, if the charge as made was false, malicious, and without probable cause, the person prosecuted cannot be deprived of compensation for such injury as may have resulted to him from it, by proving that the affidavit or complaint was defective in not charging a criminal offense or that the proceedings were otherwise irregular."

As already stated there are courts which have held contrary to the views of Mr. Freeman as above expressed, and to those courts from whose opinions the above quotations are taken, but we think the better reasoning is with the courts which hold that the action can be maintained even though the affidavit upon which the warrant was issued failed to charge a criminal offense, provided the other necessary elements are present in order to make out a case. Indeed to hold otherwise, would, we think, be contrary to the policy of the law, for it would deprive the injured party of a remedy for what is usually a great wrong and far-reaching in its effect.

It is urged that the dismissal of the case by the justice of the peace at the request of the County and Prosecuting Attorney without the introduction of any evidence was not such a termination of the criminal proceeding as to enable plaintiff to maintain her action. In Graves v. Scott et al., 104 Va. 372, 51 S. E. 821 (2 L. R. A. (N. S.) 927, 113 Am. St. Rep. 1043, 7 A. & E. Ann. Cas. 480), the plaintiff was arrested on a warrant issued upon a criminal complaint charging him with obtaining goods under false pretenses. The complaint was dismissed at the time set for trial because of the failure of the prosecuting witness to be sworn and give evidence, and it was held that this was such a termination of the case as would support an action for malicious prosecution for the reason that the case had been disposed of in such a manner that any further action would have to be based upon a new complaint, or by proceedings *de novo*. The case is an interesting one both upon the law and facts

and also because of the appended note as to when a criminal proceeding is terminated and the right to maintain an action for malicious prosecution accrues. In the case before us the dismissal of the proceedings at the request of the prosecuting attorney put an end to any further proceedings against the plaintiff upon the criminal complaint theretofore filed. Further proceedings upon that record could not be revived and were at an end, though such dismissal would be no bar to a prosecution for the same offense charged in a new and different complaint. That being so we are of the opinion that the better reasoning and great weight of authority sustains the view that the dismissal of the proceedings by the justice was a sufficient termination thereof to enable plaintiff to maintain the action. (19 A. & E. Ency. Law, 681; 26 Cyc. 58.)

It was necessary in order to maintain her action to prove that the defendants acted maliciously and without probable cause. It is urged that proof of the dismissal of the proceeding at the request of the county and prosecuting attorney without submitting any evidence to the justice before whom the proceedings were had was not proof of want of probable cause. As already stated, the evidence of dismissal was admissible as showing a termination of the proceeding, and while theoretically the county and prosecuting attorney was acting officially for all citizens, including the defendants, yet he was not their attorney. He was acting in his official capacity and for the state and not under employment or direction of the defendants. Had they employed a private attorney to draw up the complaint and file it, and such attorney had asked the dismissal, his action would be construed as their act, through their authorized agent, but we are unable to understand how the act of the public prosecutor in procuring the dismissal of the criminal complaint and proceedings which were not instituted by him or upon his advice without having produced any evidence in support of the charge would be evidence against the defendants upon the issue of want of probable cause in commencing

the action.   It should be remembered that the issue before
the justice was not the guilt or innocence of the accused,
but whether or not a crime had been committed, and if so,
whether there was probable cause to believe that accused
committed such crime.   Probable cause to justify a crimi-
nal prosecution may exist even though the prosecuting wit-
ness acts maliciously if the charge be true, and even if the
charge be not true, yet if such witness acts honestly and in
good faith, basing his charge upon facts which he in good
faith believes to be true, but which afterward turns out to
be false, he cannot be said to have acted without probable
cause.   It was said in Philpot v. Lucas, 101 Iowa, 478, 70
N. W. 625, that "Probable cause does not depend upon the
guilt or innocence of the accused party in fact, but upon the
honest and reasonable belief of the party commencing the
prosecution."   If the rule were otherwise every good citi-
zen would expose himself to an action for malicious prose-
cution when in performing his duty to the state to assist
in the suppression of crime he in good faith subscribed to
an affidavit as the basis of a criminal prosecution or pro-
ceeding, if such prosecution or proceeding be dismissed
without a judicial determination upon a hearing from the
evidence upon the question of probable cause.   In the case
here the proceeding was dismissed by the magistrate, not
upon a finding from the evidence upon that question, but
upon motion of the prosecuting attorney.   The distinction
we think is clear between this and like cases and those where
the question has been judicially determined by the commit-
ting magistrate from evidence before him.   He could make
no affirmative finding on that question in the absence of any
evidence before him.   The question is important as bearing
on the sufficiency of plaintiff's evidence to make out a
*prima facie* case.   The burden was upon her to prove that
the prosecution was without probable cause, and we are
constrained to believe from an examination of the adjudi-
cated cases that upon the facts here a dismissal of a crimi-
nal complaint in the absence of a waiver of a hearing be-

fore the committing magistrate upon motion of the prose-
cuting attorney, without any evidence having been submitted
to such magistrate, is not a judicial determination by such
magistrate of the existence of probable cause, nor evidence
thereof in an action for malicious prosecution subsequently
instituted and based upon such proceedings. In Davis v.
McMillan et al., 142 Mich. 391, 105 N. W. 862, (3 L. R. A.
(N. S.) 928, 113 Am. St. Rep. 585, 7 Ann. Cas. 854),
which was an action for malicious prosecution, the court
say: "We think it can safely be said that the weight
of authority deines the rule that discharge by a magis-
trate upon the request of the prosecuting attorney is *prima
facie* evidence of want of probable cause." The hold-
ing of the court in that case and as stated therein accords
with the great weight of authority. Such a dismissal can
not be said to be predicated upon the sufficiency or insuf-
ficiency of the evidence, but upon the expressed desire of
the state speaking through its prosecutor to abandon the
case without introducing evidence and invoking a finding
thereon.

The finding of the jury, the verdict being general, was a
finding upon all the issues in favor of the plaintiff. It is
contended that the verdict, unless the dismissal upon re-
quest of the State be deemed competent, finds no support
in the evidence that the prosecution was commenced without
probable cause. In this connection it may be said to be the
established rule that malice may be inferred from a show-
ing of want of probable cause, but that want of probable
cause will not be inferred from proof of malice alone. (19
Cyc. 680.) Both elements are necessary to be shown to
warrant a recovery in this kind of an action, although malice
may be inferred from a showing of want of probable cause.
As to what evidence is admissible as showing want of prob-
able cause, it is said in 19 Cyc., at page 698: "It has been
held that the plaintiff is entitled to introduce proof of his
general good character or reputation on the question of
want of probable cause for the prosecution, or the defend-

ant's belief in his guilt, and this as a part of the plaintiff's affirmative case and not merely in rebuttal of an attack upon his character by evidence on the part of the defense. But of course it should be shown in addition that the defendant had knowledge of the plaintiff's good reputation." In the case here the plaintiff testified that she never stole any calves from defendants, or either of them, off the range, or from any other place, and was permitted to and did introduce as a part of her affirmative case proof of her general good character or reputation for honesty and integrity upon the question of want of probable cause for the prosecution. A number of witnesses who had known her for many years in the vicinity in which she lived testified that her general reputation in that respect was good. The defendant Johnson was her uncle, and he had known her in that community from childhood, she being the daughter of his deceased brother. Such acquaintance, and for the length of time shown, we think raises a presumption of his knowledge of her reputation. (Woodworth v. Mills, 61 Wis. 44, 20 N. W. 728, 50 Am. St. Rep. 135.) In Olson v. Tvete, 46 Minn. 225, 48 N. W. 914, it appeared in evidence that a search warrant was issued and served at the instigation of the defendant, the premises searched and the property alleged to have been stolen and there concealed was not found and the officer who served the warrant so returned and it was further in evidence that the plaintiff had long borne a good reputation for honesty and integrity. At the close of plaintiff's case the court dismissed the action and upon appeal the judgment was reversed. The court say: "We think the proof made a *prima facie* case of want of probable cause, from which malice might be inferred, and that it was error to take the case from the jury. It is true that the burden of proof was upon the plaintiff to show that the proceeding was instituted without probable cause and with malice. But in such a case it must often be that the only proof possible from the plaintiff is of a negative character, and in reference to matters peculiarly within the knowledge of the defendant;

and hence less satisfactory and convincing proof is required of the plaintiff to shift the burden on the defendant than would otherwise be necessary. The proof of a thorough search, and the official return to the warrant that the property was not found in the plaintiff's possession, was *prima facie* proof that the property was not there, and that the plaintiff was not guilty of concealing stolen goods, or of larceny. Proof of the plaintiff's good reputation for many years in the community went to show an improbability that the plaintiff would be guilty of the conduct implied in this charge, and of this the defendant may be presumed to have been aware. (McIntire v. Levering, 148 Mass. 546, 20 N. E. Rep. 191, (2 L. R. A. 517, 12 Am. St. Rep. 594); Israel v. Brooks, 23 Ill. 575; Blizzard v. Hayes, 46 Ind. 166, 15 Am. Rep. 291; Woodworth v. Mills, 61 Wis. 44, 20 N. W. Rep. 728, 50 Am. Rep. 135.) Such proof having been made, it was fairly incumbent on the defendant to show affirmatively, as he could easily do, the facts, if any existed, justifying a belief on his part in the truth of the allegations upon which the search-warrant was procured."

This decision is one of the many cited in Cyc. supporting the text above quoted, and while it is the general rule as therein stated, that one may not introduce evidence as to his general reputation for honesty and integrity before his character has been assailed in that respect, yet the courts generally have made an exception in this class of cases, as the burden is upon the plaintiff to negative the existence of probable cause, or to show want of good faith on the part of the defendant in the prosecution of the criminal charge. Such a rule is founded in justice and gives the defendant no shelter from his wrongful act, purposely and maliciously accomplished. The defendant is then given the fullest opportunity to show affirmatively in his defense that he acted in good faith or upon probable cause. The defendants in order to show that they acted upon probable cause in instigating the criminal proceeding, introduced evidence of different witnesses tending to show that plaintiff's reputation

for honesty and integrity was bad, and also evidence of different circumstances of which defendants had information prior to the prosecution. It may be conceded that such information standing alone, if honestly believed, would be sufficient to raise in the mind of a reasonably prudent man a well-grounded suspicion that plaintiff had at various times prior to the prosecution been stealing unbranded calves of these defendants and others from the range, and have constituted probable cause for the prosecution. The evidence upon the latter questions was denied by the plaintiff in her testimony. ·There was, therefore, a direct conflict in the evidence as to the existence or non-existence of the facts relied upon to constitute probable cause and this question was properly one for the jury. We are of the opinion that the second cause of action as pleaded stated facts sufficient to constitute a cause of action in favor of the plaintiff and against these defendants, and that there was sufficient evidence to make out a *prima facie* case to go to the jury at the close of the testimony, and that the verdict is supported by the evidence.

The plaintiff testified that one of the effects of her being publicly arrested and taken before the justice of the peace was that it injured her credit at the First National Bank of Rawlins. The following inquiry was then made, viz.: "Just tell the jury the facts as to how it was hurt, and what the transaction was." The question was objected to as follows: "We object to this; the best testimony as to whether credit was refused would be that the bank itself." The court overruled the objection and such ruling is here assigned as error. It will be observed that the objection goes to the manner of proof and not to the competency of the evidence. If competent at all, and it was not objected to on that ground, the fact could be proved by her as well as by the bank officials, for it would be a fact within her knowledge. We express no opinion as to whether this evidence was competent for that question was not presented to nor ruled upon by the trial court in the first instance and consequently can not be raised for the first time in this court.

Plaintiff testified as to the land holdings and stock business of Jesse Johnson, one of the defendants. Afterwards the defendants made and the court overruled the following motion, viz.: "I move the court to withdraw from the jury all statements made by this witness as to the business of Jesse Johnson, the amount of land he holds, and any business matters that have been stated by the witness, on the ground that it does not tend to prove any issue in the case; is not relevant to any issue in the case; that the value of a man's property or the extent of his holdings is not a fact to be considered in sustaining the petition in the case. I make the motion at this time because it is sometimes held that we waive our right if we proceed with the cross- examination before making the motion." The action of the court in overruling this motion is here assigned as error. We do not think the motion was by its terms directed to anything other than evidence given by her with reference to the business and land holdings of defendant Jesse Johnson. The relative situation of his land and that occupied by plaintiff was illustrative and bore on the question of motive and interest to defendant Jesse Johnson to get her and her husband out of the country as alleged in the petition, so that he could have freer access to the range for his cattle; and further, as hereinafter stated, as punitive damages upon the facts shown were recoverable, evidence of defendant Johnson's financial condition was admissible. (19 Cyc. 700.)

Plaintiff was further permitted to testify over objection that she and her husband paid an attorney's fee to Stone & Winslow for attending the justice court in their behalf on June 25, 1910. While the ruling was not assigned as error the sufficiency of such evidence to warrant a recovery of attorney's fee may be considered under the general assignment (1) that there was error in the assessment of the amount of recovery, the same being too large. The right to recover a reasonable attorney's fee in a case of this kind is well established. Evidence that such a fee amounting to $250 had been paid by herself and her husband was proper

to go to the jury as an item of expense if reasonable in amount, and it appearing that the hearing was held in a country precinct a distance of eighty miles from the county seat where her attorneys resided, without railroad connection, we think it may be assumed that the amount was reasonable although its reasonableness was not shown by testimony. (Waufle v. McLellan, 51 Wis. 484, 8 N. W. 300.) There was evidence of actual malice on the part of the defendant Johnson which would warrant the recovery of punitive damages as against him, (Cosgriff v. Miller, 10 Wyo. 190, 68 Pac. 206, 98 Am. St. Rep. 977) and joint error being here assigned if the judgment be good as to him it is good as to all the defendants, and upon the record, the other defendants having joined with him in the assignments of error, they are not in a position to complain. (North Platte Milling Co. v. Price, 4 Wyo. 293, 306, 33 Pac. 664; Hogan v. Peterson, 8 Wyo. 549-564, 59 Pac. 162; Greenawalt et al. v. Imp. Co., 16 Wyo. 226, 92 Pac. 1008; Ditch Co. v. Peterson, 18 Wyo. 402, 108 Pac. 72.) The verdict was for $500, which we think reasonable upon the issues being found in favor of the plaintiff. There is no claim in her evidence that she paid or obligated herself to pay all of the attorney's fee. Her evidence was that "we" (meaning herself and her husband) "paid $250 to Stone & Winslow for their services." The jury had a right to award her a reasonable attorney's fee necessarily incurred or paid for her defense in the prosecution, whether paid by herself (19 Am. & Eng. Ency. Law, 703) or some one else for her (Krug v. Ward, 77 Ill. 603) and upon the record the verdict being general we cannot say in making up their verdict what amount the jury allowed her for attorney's fee. The amount of expenditure alleged in the petition to procure her discharge from the criminal prosecution was $100, but the jury may have allowed her less than that amount for attorney's fee and the balance of the verdict be for other items of expenditure and damage, which were alleged and in proof and also exemplary damages.

Errors are assigned as to the admission and exclusion of evidence over defendant's objection. We deem it unnecessary to discuss these questions in detail, as they are not so discussed in plaintiff in error's brief, nor are their prejudicial character, if any, pointed out in their brief. The attention of the court is called to these alleged errors in a general way, casting upon this court the burden of searching the record to ascertain if error was committed, a burden which rests in the first instance with the plaintiffs in error. We have, however, examined the record and discover no prejudicial error as to the rulings of the court in that respect.

Errors are assigned to the court's refusal to give certain instructions requested by defendants and to the giving of certain instructions over their objections. We have examined these questions and find that the refusal to give the instructions requested and the giving of the instructions objected to are complained of because contrary to the contention of defendants that there was a failure in proof to sustain the action. As we have already held that the proof was sufficient to make out a *prima facie* case sufficient to go to the jury we deem it unnecessary to discuss these questions further than to say that, in our opinion, the instructions fairly presented the law of the case to the jury. The judgment will be affirmed.                    *Affirmed.*

POTTER, J., and BEARD, J., concur.