ROSKAY, Respondent, v. HESSENIUS, Appellant.

(153 N. W. 936.)

(File No. 3690. Opinion filed August 28, 1915.)

1. **Malicious Prosecution—Plaintiff's Good Character—Evidence in Chief, competency—Presumption of Defendant's Knowledge of Plaintiff's Reputation.**

   In an action for malicious prosecution, on a charge that plaintiff had stolen property from defendant, held, that evidence of plaintiff's good reputation in the community in which he lived, is admissible in chief; since the character of a party, evidenced by his general reputation, is entitled to most careful consideration by one contemplating preferring a criminal charge against him. Held, further, that, defendant having testified that he had known plaintiff three or four years, he will be presumed, in absence of contrary evidence, to have known his reputation among his neighbors.

2. **Trials—Instructions—Refusal of, Where Covered by Other Instructions—Error.**

   The refusal of an instruction covered by others which were unassailed and which embrace every element of the cause of action, is not error, though the refused instruction may have properly stated the law.

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Martin Roskay against H. M. Hessenius, to recover damages for malicious prosecution. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Parliman & Parliman,* for Appellant.

*Wagner & Danforth,* for Respondent.

(1) Under point one of the opinion, Appellant cited: Sec. 157, Jones Com. on Evidence,; Jones Com. on Evidence, Vol. 1, pp. 797, 799; Claiborne v. Chesapeake & O. Ry. Co., (W. Va.) 33 S. E. 262; 5 Am. & Eng. Enc. of Law, (2d Ed.) 852-866; Greenleaf on Ev., (16th Ed.) Vol. 1, Sec. 14d, pp.46-47.

Respondent cited. Jones' Commentaries of Evidence, Vol. 1, Sec. 157; Thurkettle v. Frost, Am. & Eng. Ann. Cases, Vol. 4, p. 837, and note.

(2) Under point two of the opinion, Respondent cited: Parliman v. Young, 2.Dak. 175; Moline Plow Co. v. Gilbery, 3 Dak. 237; State v. Campbell, 7 N. D. 58, 72 N. W. 935; Blair v. Gordon, 13 S. D. 221; Dalley Bros. v. Minneapolis & Northern Electric Co., 4 N. D. 269, 60 N. W. 269.

WHITING, J. Respondent brought this action to recover damages which he claims to have suffered through a criminal prosecution instituted against him by appellant, which prosecution he alleged to have been malicious. Verdict and judgment were for respondent, and appellant has appealed from such judgment, and from an order denying a new trial.

There was ample evidence to sustain the jury's verdict. There are numerous assignments of error questioning the trial court's ruling upon the admission of evidence. We have carefully considered the same, and find no ruling involving any question of practice meriting mention in this opinion, except the ones hereinafter specifically mentioned, and we find no ruling which, even if technically erroneous, could possibly be held prejudicial.

[1] The charge which appellant had filed against respondent, and upon which respondent had been arrested, was that he had stolen certain personal property from appellant. Respondent, as a part of his main case, offered, and the court received, evidence of his good character, being evidence of his good reputation in the community in which he lived. Appellant contends that such evidence is only competent in rebuttal of evidence offered by ap-

pellant to prove respondent's bad character. Appellant is in error. The character of a party, as such character is evidenced by his general reputation, is entitled to most careful consideration by one who contemplates preferring a criminal charge against such party. We agree fully with the following from the opinion in Woodworth v. Mills, 61 Wis. 44, 20 N. W. 728, 50 Am. Rep. 135.

"The question seems to us to be this, in determining the probability of the guilt of a party charged with a crime: Has his previous good character any bearing on the question? We think this question must be answered in the affirmative. The fact that it has weight in determining the question of guilt, in all cases where there is any doubt of the guilt of the accused party, is the basis of the rule in criminal actions that the defendant may, in all such cases, and perhaps in all cases, give in evidence his previous good character. The fact that he has such character is some evidence, and often very conclusive evidence, of the innocence of the accused. When, therefore, a person is about to make a criminal complaint against a citizen of previously known good character and reputation, it is reasonable that he should consider that fact with the other facts and circumstances in determining the question of the probability of the guilt of the accused. If I lose my horse under circumstances which indicate that he had been stolen, and shortly after he is found in the inclosure of a man who has the reputation of being a horse thief, I might have probable cause for believing that that man had stolen him; but if he was found under like circumstances in the inclosure of a man whom I knew to have sustained a good reputation for many years, there would be a question, at least, whether I would have probable cause to believe such man guilty of the theft. There are many cases which hold that, in a civil action, the character of the plaintiff is not in issue until the same is attacked by the defendant, and that until so attacked it is presumed to be good, and therefore there is no necessity or propriety in giving affirmative proof of such character. This, as a general rule, is undoubtedly the true rule; but in an action for the malicious prosecution of a criminal action, where the main question in the case is whether the defendant had probable cause for instituting such proceedings, an exception should be made. In such action the plaintiff must prove a negative—that is, prove that the prosecutor did not have

probable cause to believe him guilty of the offense charged; and, as bearing upon that question, he ought to be permitted to give evidence of his previous known good reputation."

See cases cited in Woodworth v. Mills, supra; also Thurkettle v. Frost, 137 Mich. 115, 100 N. W. 283, 4 Ann. Cas. 836, and cases cited in notes to 4 Ann. Cas. at page 839.

It is contended that, even if evidence of respondent's good character is admissible as a part of his main case, it is admissible only in connection with proof that appellant knew, or should have known, of such character or the general reputation thereof. This question was never raised below. Certainly the jury must find that defendant knew of respondent's good character or reputation in order for the same to have any bearing upon the question of probable cause. Appellant testified that he had known respondent three or four years, and from this fact, as said in Woodworth v. Mills, supra, we hold that:

"In the absence of any testimony showing the contrary, we must presume that he knew his reputation among his neighbors."

[2] Appellant assigns as error the refusal of the trial court to give the instructions asked for by appellant. In the instructions given by the court of its own motion, the court instructed the jury upon every element of the cause of action. Appellant has not assigned as error any part of such instruction. The court, having given an unchallenged instruction covering every element of the cause of action, committed no error in refusing the instruction asked for, even though such instruction may have contained a proper statement of the law relating to the case.

Appellant contends strenuously that the evidence shows that he made a full and complete statement to a reputable attorney of all facts known to him, and in good faith acted upon the advice of such attorney in starting the criminal proceeding against respondent. This being true, he contends that it establishes a complete defense. Suffice it to say that, if the respondent testified to the truth, and the jury evidently found that he did, appellant did not make to his attorney a full and complete statement of all the facts known to him.

The judgment and order appealed from are affirmed.